**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL GARZA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | **Removed from:** |
| **L.L.C. and LA GRANGE ACQUISITION,** | § | |
| **L.P.,** | § | **95th Judicial District** |
| | § | **Dallas County, Texas** |
| **Defendants.** | § | |
| | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Energy Transfer Partners, L.L.C. ("Defendant Energy Transfer") and La Grange Acquisition, L.P. ("Defendant La Grange") (collectively, "Defendants") hereby give notice that they are removing this civil action from the 95th Judicial District Court of Dallas County, Texas (the "State Court Action") to the United States District Court for the Northern District of Texas, Dallas Division. Removal is based upon both federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367. In support of its Notice of Removal, Defendants respectfully state as follows:

**I.
PLAINTIFF'S LAWSUIT**

1.      On or around November 21, 2022, Plaintiff Abel Garza ("Plaintiff") filed an Original Petition (the "Petition") against Defendants captioned *Abel Garza v. Energy Transfer Partners, L.L.C. and La Grange Acquisition, L.P.*, Cause Number DC-22-16128, in the 95th Judicial District Court of Dallas County, Texas (the "State Court Action").

2.      Pursuant to 28 U.S.C. §1446(a) and Local Rule 81.1, the concurrently filed Appendix is incorporated herein and contains true and correct copies of all process, pleadings, and

orders served upon Defendants in the State Court Action to date. *See* attached **Appendix, Exhibits 1-7, APP 001-046.**

3.      The Petition purports to assert several causes of action against Defendants for alleged discrimination, harassment, and retaliation. Specifically, Plaintiff has asserted violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and disability discrimination, age discrimination, retaliation, and harassment in violation of §21 of the Texas Labor Code. (Ex. 4, Petition, ¶¶ 32-72, APP 021-026).

## II.
## PROCEDURAL HISTORY

4.      The citation and the Petition were served on Defendants on December 6, 2022. This Notice of Removal is timely filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. §1446(b).

5.      As required by 28 U.S.C. §1446(d), a "Notice of Filing Notice of Removal" and a copy of this Notice of Removal, are being simultaneously filed in the State Court Action and served on Plaintiff's counsel. (Ex. 7, APP 043-046)

6.      Venue in this action exists in this Court because the 95th Judicial District of Dallas County is located within the Northern District of Texas, Dallas Division.

## III.
## BASIS FOR FEDERAL QUESTION JURISDICTION

7.      Plaintiff's Petition contains federal causes of action for discrimination, retaliation, harassment, and failure to accommodate under USERRA pursuant to 38 U.S.C. § 4311.

8.      As such, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court by a defendant pursuant to provisions of 28 U.S.C. §1441. Removal is appropriate because the Petition raises a federal

question; specifically, Plaintiff has alleged:

      a.  "This action arises in part under the Texas Labor Code §21.051, §21.055, §21.101, §21.105 and USERRA." (Ex. 4, Petition, ¶58, APP 024).

      b.  "Each of the Defendants' actions caused the violation of Plaintiff's USERRA rights such that Plaintiff is exercising a right provided by USERRA, was a motivating factor in the discrimination, harassment, failure to accommodate, and retaliation he faced for having a service-related disability and needing accommodation for it, and accommodation that was reasonable and available." (Ex. 4, Petition, ¶71, APP 026).

9.    Because Plaintiff asserted federal causes of action pursuant to alleged violations of a federal statute, namely USERRA, this Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

## IV.
## BASIS FOR SUPPLEMENTAL JURISDICTION

10.    Plaintiff's remaining state court claims are also removable pursuant to the Court's supplemental jurisdiction. 28 U.S.C. §1367(a). Under §1367(a), District Courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. *Id.*

11.    Here, in the same petition, Plaintiff alleged causes of action under the Texas Labor Code §21 related to age and disability discrimination, harassment, and retaliation.  (Ex. 4, Petition, ¶¶ 32-69, APP 021-026). These state law causes of action are part of the same case or controversy as they arise under the same fact pattern that Plaintiff alleged for his USERRA claims. (Ex. 4, Petition, ¶¶ 13-31, APP 016-020). Specifically, Plaintiff's causes of actions arise from Plaintiff's military service, alleged injuries from his military service, and alleged discrimination, harassment, and retaliation because of his alleged injuries from his military service. (Ex. 4, Petition, ¶¶ 13-31,

APP 016-020). Because the USERRA claims are so related to the state law claims, the Court has supplemental jurisdiction of the state law claims. 28 U.S.C. §1367(a).

**V.**
**PRAYER**

WHEREFORE, Defendants hereby remove this case from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and respectfully request that the Court exercise jurisdiction over this matter and proceed with resolution of this case as if it had been originally filed herein.

Dated: January 5, 2023                           Respectfully submitted,

*/s/ Kelley Edwards*
Kelley Edwards (Attorney in Charge)
Texas State Bar No. 24041775
kedwards@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

*/s/ Matthew A. Swanger*
Matthew A. Swanger (Local Counsel)
Texas State Bar No. 24100286
mswanger@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS ENERGY TRANSFERS PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2023, the foregoing was electronically filed with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Charles H. Peckham
Texas State Bar No. 17504900
Mary A. Martin
Texas State Bar No. 00797280
Peckham Martin, PLLC
Two Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
cpeckham@pmlaw-us.com
mmartin@pmlaw-us.com

*/s/ Kelley Edwards*
Kelley Edwards