**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL GARZA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | **Removed from:** |
| **L.L.C. and LA GRANGE ACQUISITION,** | § | |
| **L.P.,** | § | **95th Judicial District** |
| | § | **Dallas County, Texas** |
| **Defendants.** | § | |
| | § | |

**APPENDIX OF EXHIBITS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446 and Local Rule 81.1(a)(4), Defendants Energy Transfer Partners, L.L.C. ("Defendant Energy Transfer") and La Grange Acquisition, L.P. ("Defendant La Grange") (collectively, "Defendants") provide the Court with the attached documentation in support of their Notice of Removal.

| EXHIBIT | DESCRIPTION | DATE | APP. PAGE |
|---|---|---|---|
| 1 | Dallas County Docket Sheet | January 3, 2023 | 001-005 |
| 2 | Plaintiff's Citation Served on Defendants | November 21, 2022 | 006-008 |
| 3 | Plaintiff's Civil Process Request | November 21, 2022 | 009-012 |
| 4 | Plaintiff's Original Petition | November 21, 2022 | 013-030 |
| 5 | Plaintiff's Executed Citation | December 22, 2022 | 031-033 |
| 6 | Defendants' Original Answer and Affirmative Defenses | December 30, 2022 | 034-042 |
| 7 | Notice of Filing Notice of Removal | January 5, 2023 | 043-046 |

Dated: January 5, 2023

Respectfully submitted,

*/s/ Kelley Edwards*
Kelley Edwards (Attorney in Charge)
Texas State Bar No. 24041775
kedwards@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

*/s/ Matthew A. Swanger*
Matthew A. Swanger (Local Counsel)
Texas State Bar No. 24100286
mswanger@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Facsimile)

**ATTORNEYS   FOR   DEFENDANTS
ENERGY   TRANSFERS   PARTNERS,
L.L.C. and LA GRANGE ACQUISITION,
L.P.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2023, the foregoing was electronically filed with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Charles H. Peckham
Texas State Bar No. 17504900
Mary A. Martin
Texas State Bar No. 00797280
PECKHAM MARTIN, PLLC
Two Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
cpeckham@pmlaw-us.com
mmartin@pmlaw-us.com

*/s/ Kelley Edwards*
Kelley Edwards

4873-8100-6915.2 / 076244-1060

# EXHIBIT 1

## Case Information

DC-22-16128 | ABEL GARZA et al vs. LA GRANGE ACQUISITION, L.P. et al

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-22-16128 | 95th District Court | PURDY, MONICA |
| File Date | Case Type | Case Status |
| 11/21/2022 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
GARZA, ABEL

Address
Two Bering Park
800 Bering Drive, Suite 220
Houston TX 77057

Active Attorneys ▾
Lead Attorney
PECKHAM, CHARLES H
Retained

PLAINTIFF
Garza, Abel

Address
Two Bering Park
800 Bering Drive, Suite 220
Houston TX 77057

Active Attorneys ▾
Lead Attorney
PECKHAM, CHARLES H
Retained

DEFENDANT
LA GRANGE ACQUISITION, L.P.

Address
CORPORATION SERVICE COMPANY DBA CSC-LAWYERS
INCORPORATING
211 E. 7TH STREET SUITE 620
AUSTIN TX 78701-4234

**APP. 002**

DEFENDANT
ENERGY TRANSFER PARTNERS, L.L.C.

Address
CORPORATION SERVICE COMPANY DBA CSC-LAWYERS
INCORPORATING
211 E. 7TH STREET SUITE 620
AUSTIN TX 78701-4234

Active Attorneys ▾
Lead Attorney
EDWARDS, KELLY
Retained


Attorney
SWANGER, MATTHEW A.
Retained

# Events and Hearings

11/21/2022 NEW CASE FILED (OCA) - CIVIL

11/21/2022 ORIGINAL PETITION

11/21/2022 REQUEST FOR SERVICE ▾

CIVIL PROCESS REQUEST

11/21/2022 JURY DEMAND

11/21/2022 ISSUE CITATION ▾

ISSUE CITATION - LA GRANGE ACQUISITION, L.P.

11/23/2022 CITATION ▾

Served
12/05/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
12/14/2022
Comment
ENERGY TRANSFER PARTNERS LLC

**APP. 003**

11/23/2022 CITATION ▾

Served
12/06/2022

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
12/22/2022
Comment
LA GRANGE ACQUISITION, L.P

12/05/2022 VACATION LETTER

12/14/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - ENERGY TRANSFER PARTNERS, LLC

Comment
EXECUTED CITATION - ENERGY TRANSFER PARTNERS, LLC

12/22/2022 RETURN OF SERVICE ▾

EXECUTED CITATION - LA GRANGE ACQUISITION, LP

Comment
EXECUTED CITATION - LA GRANGE ACQUISITION, LP

12/30/2022 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER - ENERGY TRANSFER PARTNERS L.L.C

## Financial

GARZA, ABEL
    Total Financial Assessment              $376.00
    Total Payments and Credits         $376.00

11/21/2022    Transaction Assessment         $376.00

**APP. 004**

| 11/21/2022 | CREDIT CARD - TEXFILE (DC) | Receipt # 73688-2022-DCLK | GARZA, ABEL | ($239.00) |
| 11/21/2022 | STATE CREDIT | | | ($137.00) |

## Documents

CIVIL PROCESS REQUEST

ISSUE CITATION - LA GRANGE ACQUISITION, L.P.

EXECUTED CITATION - ENERGY TRANSFER PARTNERS, LLC

EXECUTED CITATION - LA GRANGE ACQUISITION, LP

ORIGINAL ANSWER - ENERGY TRANSFER PARTNERS L.L.C

# EXHIBIT 2

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

# CITATION

To:    **LA GRANGE ACQUISITION, LP**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING**
**211 E 7TH STREET SUITE 620**
**AUSTIN  TX  78701-4234**

No.: **DC-22-16128**

**ABEL GARZA**
**vs.**
**LA GRANGE ACQUISITION, L.P.  et al**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **ABEL GARZA**

Filed in said Court  **21st day of November, 2022** against

**LA GRANGE ACQUISITION, L.P AND ENERGY TRANSFER PARTNERS, L.L.C.**

For Suit, said suit being numbered **DC-22-16128,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 23rd day of November, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

By *Medelin Navarrete* , Deputy
**MEDELIN NAVARRETE**

**ISSUED**
**on this the 23rd day of November, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**CHARLES H PECKHAM**
PECKHAM MARTIN PLLC
800 BERING DR
SUITE 220
HOUSTON TX  77057
713-574-9044
cpeckham@pmlaw-us.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**APP. 007**

**OFFICER'S RETURN**

Cause No. DC-22-16128

Court No.: 95th District Court

Style: ABEL GARZA
 vs.
LA GRANGE ACQUISITION, L.P.  et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M.
Executed  at  _____, within the County of _____ at
_____ o'clock _____.M. on the _____ day of_____, 20_____,
by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness my hand.

|                        |              |                                               |
|------------------------|--------------|-----------------------------------------------|
| For serving Citation   | $_____  | _____       |
| For mileage            | $_____  | of_____ County, _____   |
| For Notary             | $_____  | By_____ Deputy         |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____ day of _____,

20_____, to certify which witness my hand and seal of office.


_____
Notary Public_____ County_____

# EXHIBIT 3

FILED
11/21/2022 11:01 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kajuana Cook DEPUTY

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** _____    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types):  Plaintiff's Original Petition

**FILE DATE OF MOTION:**  November 21, 2022

                                                 Month/       Day/       Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME:  ENERGY TRANSFER PARTNERS, L.L.C.

   ADDRESS:  211 E. 7th Street, Suite 620, Austin, Texas 78701-4234

   AGENT, (*if applicable*):  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  Citation

**SERVICE BY** (*check one*):

- ☐ **ATTORNEY PICK-UP**　　　　　　☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
- ☐ **MAIL**　　　　　　　　　　　☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:　☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☑ **OTHER,** *explain*  PLEASE SEND VIA E-ISSUANCE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

2. NAME:  LA GRANGE ACQUISITION, L.P.

   ADDRESS:  211 E. 7th Street, Suite 620, Austin, Texas 78701-4234

   AGENT, (*if applicable*):  Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*):  Citation

**SERVICE BY** (*check one*):

- ☐ **ATTORNEY PICK-UP**　　　　　　☐ **CONSTABLE**
- ☐ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____  Phone: _____
- ☐ **MAIL**　　　　　　　　　　　☐ **CERTIFIED MAIL**
- ☐ **PUBLICATION:**
  - Type of Publication:　☐ **COURTHOUSE DOOR, or**
  - ☐ **NEWSPAPER OF YOUR CHOICE:** _____
- ☑ **OTHER,** *explain*  PLEASE SEND VIA E-ISSUANCE

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Charles H Peckham 　　　　　　TEXAS BAR NO./ID NO.  15704900

MAILING ADDRESS:  800 Bering Drive, Suite 220, Houston, Texas  77057

PHONE NUMBER:  713 　　574-9044 　　　　　FAX NUMBER: _____
            area code       phone  number                area code    fax  number

EMAIL ADDRESS:  cpeckham@pmlaw-us.com

**APP. 010**

CIVIC108 Revised 9/3/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____     AMENDED PETITION
_____     SUPPLEMENTAL PETITION


COUNTERCLAIM
_____     AMENDED COUNTERCLAIM
_____     SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____     AMENDED CROSS-ACTION
_____     SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____     AMENDED THIRD-PARTY PETITION
_____     SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____     AMENDED INTERVENTION
_____     SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____     AMENDED INTERPLEADER
_____     SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
    ORDER TO:  _____
                              (specify)

    MOTION TO:  _____
                              (specify)


PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

**APP. 011**

CIVICI08 Revised 9/2/00

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Charles  Peckham  on behalf of Charles  Peckham
Bar No. 15704900
cpeckham@pmlaw-us.com
Envelope ID: 70352361
Status as of 11/21/2022 3:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles HPeckham | | cpeckham@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |
| Martha Cancino | | asst@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |
| Mary A.Martin | | mmartin@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |
| Veronica Melendez | | asst2@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |

**APP. 012**

# EXHIBIT 4

2 CIT ESERVE Case 3:23-cv-00027-D   Document 1-3   Filed 01/05/23   Page 17 of 49   PageID 27
JURY DEMAND

11/21/2022 11:01 AM
FELICIA PITRI
DISTRICT CLERK
DALLAS CO., TEXAS
Kajuana Cook DEPUTY

CAUSE NO. DC-22-16128 _____

| | | |
|---|---|---|
| **ABEL GARZA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | |
| **L.L.C.** | § | |
| **and LA GRANGE ACQUISITION, L.P.** | § | 95th |
| | § | |
| **the Defendant.** | § | **___TH JUDICIAL DISTRICT** |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, ABEL GARZA (hereinafter "Plaintiff"), and files this, his Original Complaint against ENERGY TRANSFER PARTNERS, L.L.C. ("ETP") and LA GRANGE ACQUISITION, L.P. ("La Grange") (hereinafter collectively "Defendants") and in furtherance thereof, would respectfully show unto this Court as follows:

### I.

### PARTIES

1.   Plaintiff is an adult resident citizen of Kleberg County, Texas.

2.   Defendant, ENERGY TRANSFER PARTNERS, L.L.C. is a Delaware Limited Liability Company with its principal place of business in Dallas, Texas and which can receive service of process by and through its agent for service of process in Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street,

Suite 620, Austin, Texas 78701-4234.  Defendant has more than 501 employees and is an "employer" within the meaning of the Texas Labor Code Sections 21.051 et. seq., and all applicable laws.

3.　　Defendant LA GRANGE ACQUISITION, L.P. is Texas Domestic Limited Partnership with its principal place of business in Dallas, Texas which can receive service through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234. Defendant has more than 501 employees and is an "employer" within the meaning of the Texas Labor Code Sections 21.051 et. seq., and all applicable laws.

4.　　ETP and La Grange operated as one entity with consolidated human resources and hiring/firing decisions.  Upon information and belief, they have common ownership and/or control.  As a result, they are considered either an integrated enterprise, or alternatively, joint employers for the purposes of this suit.


## II.

## JURISDICTION, VENUE AND DISCOVERY PLAN

5.　　All or part of the complained of transactions occurred in Texas, and the amount in controversy exceeds the Court's minimum jurisdiction.  Pursuant to Rule 47, Plaintiff seeks more than $1,000,000.00.

6.　　Venue is generally proper in Dallas County pursuant to the TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(3) as both the Defendants are not natural persons and have their principal places of business in Dallas, Texas.

7.     Plaintiff pleads the application of Discovery Level II pursuant to TEX.R.CIV.P. 190.3.

8.     All conditions precedent to jurisdiction have occurred or have been met.

9.     A charge of employment discrimination on the basis of disability, age, Veterans status and retaliation was timely filed on or about January 4, 2022, jointly with the Equal Employment Opportunity Commission (the "EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC").

10.    The EEOC/TWC notification of right to sue was received on or after October 11, 2022.

11.    This original petition was filed within 60 days of the receipt of the EEOC/TWC notification of right to sue.

12.    The Plaintiff, having exhausted all administrative remedies, now files his lawsuit against Defendants on the basis of Disability Discrimination, Veterans Status, Age, Harassment, and Retaliation.

### III.

### GENERAL FACTS

13.    At all pertinent times Plaintiff was a United States military combat veteran over the age of forty (40) and a disabled male.

14.    Plaintiff was employed by Defendant since 2015 with his last position as Plant Operator A in the Energy Transfer Family of Partnerships at the King Ranch Plant location.

15.    Plaintiff has undergone a great deal of medical treatment related to his military service disabilities. When applying for the job with Defendant, Plaintiff disclosed his military service of twenty-five (25) years, thirteen (13) in active Army, and his disabilities. At the time of his hire, Plaintiff had a 70% service-related disability rating that included

Generalized Anxiety Disorder-F41.1.

16.   Because of his service-related disability, Plaintiff experienced increasing anxiety in his workplace due to Boiler/Plant upsets, flaring, and the noise (alarms) in a contained area of the plant in which he worked (in the Powerhouse) as well as not having help when needed.  Due to the worsening of his disability, he sought a reasonable accommodation from Defendants.

17.   By letter of October 22, 2021, Defendants informed Plaintiff that he would not be accommodated because his "conditions are primarily situational/family related" and "are temporary in nature".  Of course, these reasons were not true, and Plaintiff's VA doctor did not say they were.  Further, even if true, these were not a legal reason to deny Plaintiff a reasonable accommodation; to wit, conditional and temporary disabilities may be protected disabilities requiring accommodation.

18.   Once Defendants realized there was not a legal basis to deny Plaintiff's accommodation request, Defendants then sought the accommodation denial by incorrectly claiming that no position identified by Plaintiff could accommodate him because there was no "more open, less restrictive, less noisy, and more predictable environment."  In fact, another employee working in one of the two Shipping Station positions informed Plaintiff that the position met his accommodation needs and that the second spot was open and available.  Even after specifically requesting transfer to the open position for which he was qualified, he was denied transfer.

19.   Included among the potential accommodations sought by Plaintiff was transfer to another location in the plant where the noise level was lower (no alarms), or transfer to another

position. The positions that were available included in the same Plant were at the Shipping Station (under the same job title and job description) as described above, as a Safety Rep (this position was applied for in August 2021), and in the Warehouse (in the Plant area but with no alarms).

20. As to the Shipping Station, Plaintiff was told that at the King Ranch location, this position was no longer going to have a long-term employee assigned there. However, there were two long term employees assigned to this position; one retired leaving an open position and the other remains in that position. This was clearly a separate assigned position and there was availability.

21. Regarding the Warehouse position, Plaintiff was told that due to cost savings, this empty position would not be filled. However, this position was a continued necessary position; its duties were assigned to other non-disabled persons.

22. As to the Safety Representative, Plaintiff was told that the one in King Ranch I was filled and unavailable.

23. Plaintiff had applied for and was interviewed for a Safety Representative position in another location at a worksite nearby. Michael Johnson interviewed Plaintiff for that position on October 1, 2021. Mr. Johnson asked plaintiff if he could start working as early as October 25, 2021 – since he was already an employee of the company. Mr. Johnson said he would get Human Resources to fast track the process so that Plaintiff could work with the person he was replacing through the end of the year and learn the area of operation. After being told that he had the job, Plaintiff asked Mr. Johnson if he knew about his earlier accommodation request. Mr. Johnson said he did not know. Mr.

Johnson stated that because Plaintiff was an inter-company transfer, he would contact Plaintiff's supervisor as a courtesy and would also talk to Human Resources. He told Plaintiff that he would contact him the next week about his start date. After he spoke to Human Resources, Mr. Johnson never again responded to Plaintiff's emails or calls. Plaintiff waited for his assignment to the new position.

24. Then, on January 4, 2022, two days before the expiration of Plaintiff's leave and his pending termination from Defendants' employment due to the expiration of leave, Plaintiff received a call from Michael Johnson telling him that he was not being hired for the other position within the company. This meant that Plaintiff had no time to seek any other position and that he was being set up for termination. Defendants purposefully undermined Plaintiff's hire to a position that would accommodate him because of his disability and in retaliation for seeking accommodations, as well as his disability and Veteran status. The delay of two months since his approved hire to tell Plaintiff that he was no longer hired in a different company position that accommodated his disabilities was calculated to come so that it guaranteed his termination from employment.

25. Even though Plaintiff had identified open and available positions for which he was qualified and that met his needed accommodations, he was told on November 23, 2021, and again on December 2, 2021, that no open positions were available to accommodate him which was not correct. This was done to enable Defendants to state that Plaintiff ran out of time to find a position that would accommodate his disability. Further, Plaintiff had been told that Defendants would be filling open spots with younger employees. In fact, many positions have been filled with persons under the age of 40 and people

substantially younger.

26.  On October 21, 2020, Plaintiff was told that his leave would be covered back to October 21, 2020, as his first day out of work. The leave was also an accommodation that Plaintiff was being given related to his disabilities.

27.  Plaintiff has been relieved of his job and all of his work duties and benefits.  Plaintiff lost and will continue to lose pay and benefits of employment.  Plaintiff has mitigated his damages by trying to find replacement employment after a concentrated job search of over a year.

28.  Plaintiff could perform the essential functions of his job.  As some evidence for his ability to work, Plaintiff was denied long-term disability (LTD) benefits for the reason that while he was disabled, he could perform the essential functions of his position therefore making him ineligible for LTD benefits.

29.  Defendant discriminated against and retaliated against Plaintiff based upon his disability, Veterans status, and age knowing that he would be deprived of his job and leave benefits.

30.  Plaintiff has been relieved of his job and all of his work duties and benefits.  Plaintiff lost and will continue to lose pay and benefits of employment.

31.  Plaintiff has been harassed and discriminated against because of his disability, Veterans status and age. He has been retaliated against.  All of these are violations of the Texas Labor Code Section 21.

## IV.

## CAUSE OF ACTION

**Discrimination in Employment**
**Disability Discrimination and Harassment**

32.    Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Petition the same as though specifically set out herein again.

33.    This action arises in part under the under the Texas Labor Code §21.051, §21.055, and §21.105.

34.    This suit is brought seeking legal and equitable remedies.

35.    Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments.   Defendants, through their agents or supervisors, engaged in a pattern and practice of unlawful disability discrimination.

36.    Defendants at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

37.    Furthermore, Defendants are liable for the conduct of their employees, officers, and superiors due to the doctrine of *respondeat superior*.

38.    Defendants failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

39.    Not only did Defendants not take remedial action sufficient to stop this discrimination, but by and through their employees, officers, and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against their victim.

40. Plaintiff alleges that, in addition to the practices enumerated above Defendants have engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

41. As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him in violation of Chapter 21 of the Texas Labor Code, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

42. Plaintiff pleads the application of the "cat's paw" doctrine, as that term is known in law.

43. Plaintiff alleges that the outrageous conduct of the Defendants described herein was done with fraud, oppression, and malice; with a conscious disregard for his rights; and with the intent, design, and purpose of injuring him. Through its officers, managing agents and/or its supervisors, Defendant authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## V.

## CAUSE OF ACTION

### Age Discrimination and Harassment

44. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

45. At all pertinent times Plaintiff was an over 40-year-old worker.

46. This action arises in part under the Texas Labor Code §21.051, §21.055, §21.101.

47. This suit is brought seeking legal and equitable remedies.

48. Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments. Defendants, through their agents or supervisors, engaged in a pattern and practice of unlawful age discrimination.

49. Defendants at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

50. Furthermore, Defendants are liable for the conduct of their employees, officers, and superiors due to the doctrine of *respondeat superior*.

51. Defendants failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

52. Not only did Defendants not take remedial action sufficient to stop this discrimination, but by and through their employees, officers, and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against their victim.

53. Plaintiff alleges that, in addition to the practices enumerated above, Defendants have engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, she will amend this pleading, and reserves his right to do so.

54. As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against him in violation of Chapter 21 of the Texas Labor Code, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to

suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

55.  Plaintiff pleads the application of the "cat's paw" doctrine, as that term is known in law.

56.  Plaintiff alleges that the outrageous conduct of Defendants described herein was done with fraud, oppression, and malice; with a conscious disregard for his rights; and with the intent, design, and purpose of injuring him. Through their officers, agents, representatives and/or its supervisors, Defendants authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## VI.

## **CAUSE OF ACTION**

### **Retaliation in Employment**

57.  Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

58.  This action arises in part under the Texas Labor Code §21.051, §21.055, §21.101, §21.105 and USERRA.

59.  At all pertinent times, Plaintiff was an over 40-year-old, disabled United States military combat Veteran.

60.  This suit is brought seeking legal and equitable remedies.

61.  Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments. Defendants, through their agents, representatives, employees, or supervisors, engaged in a pattern and practice of

retaliation.

62. Defendants at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

63. Furthermore, Defendants are liable for the conduct of their employees, officers, agents, representatives, and superiors due to the doctrine of *respondeat superior*.

64. Defendants failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

65. Defendants did not take remedial action sufficient to stop this retaliation, but by and through their employees, officers, and supervisors, aided and abetted it.

66. Plaintiff pleads the application of the "cat's paw" doctrine, as that term is known in law.

67. Plaintiff alleges that, in addition to the practices enumerated above, Defendants have engaged in other retaliatory discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

68. As a direct and proximate result of Defendants' willful, knowing, and intentional retaliation against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

69. Plaintiff alleges that the outrageous conduct of Defendants described herein was done with fraud, oppression, and malice; with a conscious disregard for his rights; and with the intent, design, and purpose of injuring him. Through its officers, agents, representatives

and/or its supervisors, Defendants authorized, condoned and/or ratified this unlawful conduct including.   By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

**VII.**

**CAUSE OF ACTION**

**Violation of USERRA Rights**

70.   Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out here again.

71.   Each of the Defendants' actions caused the violation of Plaintiff's USERRA rights such that Plaintiff is exercising a right provided by USERRA, was a motivating factor in the discrimination, harassment, failure to accommodate, and retaliation he faced for having a service-related disability and needing accommodation for it, and accommodation that was reasonable and available.

72.   Defendants unlawfully retaliated against Plaintiff, among other ways, by creating a toxic environment, attempting to blame Plaintiff for issues that related to his service and disability, and other actions in order to justify their unlawful actions, and discharging Plaintiff.

**VIII.**

**ATTORNEYS' FEES, COSTS AND EXPENSES**

73.   As a further direct and proximate result of Defendants' violations of law, as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to protect his rights, and has thereby incurred, and will continue to incur, legal fees and

costs, the full nature and extent of which are presently unknown to the Plaintiff. The Plaintiff requests that attorneys' fees, costs, and expenses (including but not limited to expert witness fees) be awarded pursuant to all applicable laws.

## X.

## JURY TRIAL REQUESTED

74.    Plaintiff requests a jury in this case. The fee has been contemporaneously paid.

## XI.

## AD DAMNUM

75.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon notice and hearing that judgment be entered in his favor and against Defendants for general and compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment, and post-judgment interest as allowed by law; attorneys' fees; costs; and expenses. Plaintiff further requests all equitable relief allowed under law, including injunctive relief should that be sought. Should further actions of the Defendants require additional equitable/injunctive relief, the plaintiff hereby prays for that relief.

///

///

///

///

///

///

///

APP. 027

Respectfully submitted,

_____
Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@pmlaw-us.com

Mary A. Martin
TBN:  00797280
FBN:  12272
mmartin@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044

**COUNSEL FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Charles Peckham on behalf of Charles Peckham
Bar No. 15704900
cpeckham@pmlaw-us.com
Envelope ID: 70352361
Status as of 11/21/2022 3:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles HPeckham | | cpeckham@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |
| Martha Cancino | | asst@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |
| Mary A.Martin | | mmartin@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |
| Veronica Melendez | | asst2@pmlaw-us.com | 11/21/2022 11:01:56 AM | SENT |



7022 0410 0003 3542 2878



**$9.17** US POSTAGE
4 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 2
RETAIL

062S0011865820
FROM 77063

stamps
endicia
11/29/2022

# USPS FIRST CLASS MAIL®

JACKIE WILLIAMS
3800 TANGLEWILDE ST APT 809
HOUSTON TX 77063

C015

SHIP
TO:

ENERGY TRANSFER PARTNERS,LLC.
C/O CSC LAWYERS INCORORATING
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

## USPS CERTIFIED MAIL™

9414 7118 9956 2387 2964 98



**APP. 030**

# EXHIBIT 5

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

FILED
12/22/2022 11:51 AM
FELICIA PITRE
DALLAS CO., TEXAS
Harper Ream DEPUTY

ESERVE

## CITATION

To:   **LA GRANGE ACQUISITION, LP**
      **BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-**
      **LAWYERS INCORPORATING**
      **211 E 7TH STREET SUITE 620**
      **AUSTIN TX 78701-4234**

No.: **DC-22-16128**

**ABEL GARZA**
vs.
**LA GRANGE ACQUISITION, L.P. et al**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. on the Monday next following the
expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default
judgment may be taken against you. In addition to filing a written answer with the clerk, you may
be required to make initial disclosures to the other parties of this suit. These disclosures generally
must be made no later than 30 days after you file your answer with the clerk. Find out more at
TexasLawHelp.org. Your answer should be addressed to the clerk of the **95th District Court** at
600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **ABEL GARZA**

Filed in said Court **21st day of November, 2022** against

**LA GRANGE ACQUISITION, L.P AND ENERGY TRANSFER PARTNERS, L.L.C.**

For Suit, said suit being numbered **DC-22-16128,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies
this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 23rd day of November, 2022**

ATTEST: FELICIA PITRE,
Clerk of the District Courts of Dallas County, Texas

**ISSUED**
**on this the 23rd day of November, 2022**

**FELICIA PITRE**
**Clerk District Courts,**
**Dallas County, Texas**

By: **MEDELIN NAVARRETE**, Deputy

**Attorney for Plaintiff**
**CHARLES H PECKHAM**
PECKHAM MARTIN PLLC
800 BERING DR
SUITE 220
HOUSTON TX 77057
713-574-9044
cpeckham@pmlaw-us.com
**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

By _Medelin Navarrete_, Deputy
**MEDELIN NAVARRETE**



**APP. 032**

# AFFIDAVIT OF SERVICE

| Case:<br>DC-22-16128 | Court:<br>95TH DISTRICT COURT | County:<br>, TX | Job:<br>8009744 (DC-22-16128) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>ABEL GARZA | | Defendant / Respondent:<br>LA GRANGE ACQUISITION,LP | |
| Received by:<br>HOUSTON CIVIL PROCESS,LLC | | For:<br>PECKHAM MARTIN,LLC | |
| To be served upon:<br>LA GRANGE ACQUISITION,LP | | | |

I, JACQUELINE M. WILLIAMS, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   LA GRANGE ACQUISITION,LP, 211 EAST 7TH STREET #620, AUSTIN, TX 78701

**Manner of Service:**   Mail, Dec 6, 2022, 8:05 am CST

**Documents:**   CITATION (Received Nov 28, 2022 at 12:41pm CST), PLAINTIFF'S ORIGINAL PETITION (Received Nov 28, 2022 at 12:41pm CST)

**Additional Comments:**
1) Successful Attempt: Dec 6, 2022, 8:05 am CST at 211 EAST 7TH STREET #620, AUSTIN, TX 78701 received by LA GRANGE ACQUISITION,LP. NO PROBLEM....Delivered...WAITING FOR SIGNED GREEN CARD TO BE RETURNED.

JACQUELINE M. WILLIAMS   Date   15 DEC 2022
PSC#05175/EXP.: 31 JULY 2024

HOUSTON CIVIL PROCESS,LLC
3800 TANGLEWILDE ST #809
HOUSTON, TX 77063
832-235-7779

Subscribed and sworn to before me by the affiant who is
personally known to me.

Judith Taliaferro Quesonova

Notary Public
12.15.2022      10.06.2024
Date      Commission Expires

Judith Taliaferro Quesonova
My Commission Expires
10/06/2024
ID No. 419997

**APP. 033**

# EXHIBIT 6

FILED
12/30/2022 11:54 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

Case 3:23-cv-00027-D   Document 1-3   Filed 01/05/23   Page 38 of 49   PageID 48

## CAUSE NO. DC-22-16128

| | | |
|---|---|---|
| **ABEL GARZA,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | |
| **L.L.C. AND LA GRANGE** | § | |
| **ACQUISITION, L.P.,** | § | |
| | § | |
| **Defendants.** | § | **95TH JUDICIAL DISTRICT** |
| | § | |

## DEFENDANTS' ORIGINAL ANSWER
## TO PLAINTIFF ABEL GARZA'S ORIGINAL PETITION

Defendants Energy Transfer Partners, L.L.C. ("Defendant Energy Transfer") and La Grange Acquisition, L.P. ("Defendant La Grange") (collectively, "Defendants") file this Original Answer to Plaintiff Abel Garza's ("Plaintiff") Original Petition (the "Petition").

## I.
## GENERAL DENIAL

Under TEX. R. CIV. P. 92, Defendants deny generally every allegation contained in the Petition and demand strict proof of same by a preponderance of credible evidence or clear and convincing evidence as required by the Constitution and the laws of the State of Texas. Defendants respectfully request that they be allowed to plead further and additional defenses in this cause as the facts surrounding this matter are developed.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing general denial, Defendants assert the following affirmative and other defenses and reserve the right to assert additional defenses that may become apparent during the defense of this case.

**APP. 035**

### FIRST DEFENSE

Plaintiff's Petition fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he failed to properly and timely exhaust administrative remedies.

### FOURTH DEFENSE

Plaintiff's claims for money damages, lost wages, monies owed, attorneys' fees and costs of court and other monetary relief may be barred or limited by the after-acquired evidence doctrine.

### FIFTH DEFENSE

Plaintiff has waived his right, if any, to purse his claims by reason of his own actions and course of conduct.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent they exceed or are outside the scope of a reasonable investigation into the allegations of discrimination presented to the EEOC and/or any similar state fair employment practices enforcement agency.

### SEVENTH DEFENSE

Plaintiff's claim for punitive damages must be dismissed as Defendants committed no intentional, malicious, fraudulent, and/or recklessly indifferent act toward Plaintiff. Moreover, the conduct complained of by Plaintiff, if performed or carried out at all, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation

of the law, and therefore, Plaintiff is not entitled to punitive damages.

### EIGHTH DEFENSE

Defendants' actions or omissions toward Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory business reasons.

### NINTH DEFENSE

Defendants would have taken the same actions and omissions toward Plaintiff even in the absence of any alleged discriminatory motive, or Plaintiff's alleged requests(s) for accommodation and/or alleged protected activity.

### TENTH DEFENSE

Plaintiff cannot establish a causal link between his alleged disability or other protected status or disability and any alleged adverse employment action.

### ELEVENTH DEFENSE

Any act or omission complained of by Plaintiff was based on reasonable and lawful factors unrelated to Plaintiff's alleged protected activity or any other protected characteristic, and the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of any protected status or protected activity.

### TWELFTH DEFENSE

Plaintiff has a duty to mitigate damages and any damages should be denied or reduced to the extent that he has not mitigated them or only done so partially.

### THIRTEENTH DEFENSE

Without admitting that Plaintiff is entitled to any damages, even if Plaintiff's allegations are sufficient to warrant an award of punitive damages (and they are not), an award of punitive damages would be limited by all applicable constitutional limitations and standards.

APP. 037

### FOURTEENTH DEFENSE

Plaintiffs' claims for damages are subject to all applicable limitations on such damages, including but not limited to those limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

### FIFTEENTH DEFENSE

As a result of Plaintiff's actions herein, Defendants have been required to retain the services of the undersigned attorneys and, pursuant to applicable law, to the extent possible, Defendants are entitled to an award of its reasonable attorneys' fees and for costs incurred in defending this action.

### SIXTEENTH DEFENSE

Plaintiff's claims for damages are limited by any applicable damages caps.

### SEVENTEENTH DEFENSE

Plaintiff's alleged damages, if any, are too speculative to permit recovery.

### EIGHTEENTH DEFENSE

Defendants have widely disseminated anti-discrimination policies, which they educate their employees on, and Defendants acted at all times in good faith and in compliance with their policies with respect to Plaintiff.

### NINETEENTH DEFENSE

Defendants exercised reasonable care to prevent and promptly correct any alleged discrimination or retaliation from occurring, and Plaintiff failed to take advantage of any preventative or corrective opportunities, or otherwise failed to avoid the alleged harm.

### TWENTIETH DEFENSE

Defendants did not know, nor should they have known, of the allegedly discriminatory or

APP. 038

retaliatory conduct.

### TWENTY-FIRST DEFENSE

Plaintiff's employment with Defendants was as at-will, as that term is defined under Texas common law, and Plaintiff could have been terminated at any time for any reason not specifically prohibited by state or federal law, with or without cause.

### TWENTY-SECOND DEFENSE

To the extent that any of Defendants' employees engaged in any of the unlawful conduct described in the Complaint, such actions were outside the course and scope of its employees' employment, were contrary to the policies and directives of Defendants, and were not done in furtherance of Defendants' business interests.

### TWENTY-THIRD DEFENSE

Plaintiff has failed to allege facts sufficient to state a claim for alleged punitive or exemplary damages, and Plaintiff cannot establish that he is entitled to recover punitive or exemplary damages by clear and convincing evidence.

### TWENTY-FOURTH DEFENSE

Plaintiff may not recover lost wages or benefits, if any, for any time period(s) in which he was physically unable to work.

### TWENTY-FIFTH DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by the one-satisfaction rule.

\*\*\*

Defendants reserve the right to file and serve additional defenses as appropriate.

APP. 039

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing herein and that Defendants receive judgment for costs and for such further relief, at law or in equity, to which they may be justly entitled.

Dated: December 30, 2022                    Respectfully submitted,

*/s/ Kelley Edwards*
Kelley Edwards
Texas State Bar No. 24041775
kedwards@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Matthew A. Swanger
Texas State Bar No. 24100286
mswanger@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**
**ENERGY TRANSFERS PARTNERS,**
**L.L.C. and LA GRANGE ACQUISITION,**
**L.P.**

6

APP. 040

## **CERTIFICATE OF SERVICE**

On this 30th day of December 2022, I electronically served the foregoing document on all counsel of record pursuant to the Texas Rules of Civil Procedure:

Charles H. Peckham
Texas State Bar No. 17504900
Mary A. Martin
Texas State Bar No. 00797280
PECKHAM MARTIN, PLLC
Two Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
cpeckham@pmlaw-us.com
mmartin@pmlaw-us.com

*/s/ Kelley Edwards*
Kelley Edwards

**APP. 041**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Linda Alvarado on behalf of Kelley Riddle Edwards
Bar No. 24041775
lalvarado@littler.com
Envelope ID: 71387290
Status as of 12/30/2022 1:07 PM CST

Associated Case Party: ENERGY TRANSFER PARTNERS, L.L.C.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kelley R.Edwards | | kedwards@littler.com | 12/30/2022 11:54:26 AM | SENT |
| Matthew Swanger | | mswanger@littler.com | 12/30/2022 11:54:26 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Charles HPeckham | | cpeckham@pmlaw-us.com | 12/30/2022 11:54:26 AM | SENT |
| Mary A.Martin | | mmartin@pmlaw-us.com | 12/30/2022 11:54:26 AM | SENT |
| Martha Cancino | | asst@pmlaw-us.com | 12/30/2022 11:54:26 AM | SENT |
| Veronica Melendez | | asst2@pmlaw-us.com | 12/30/2022 11:54:26 AM | SENT |

# EXHIBIT 7

CAUSE NO. DC-22-16128

| | | |
|---|---|---|
| **ABEL GARZA,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | |
| **L.L.C. AND LA GRANGE** | § | |
| **ACQUISITION, L.P.,** | § | |
| | § | |
| **Defendants.** | § | **95TH JUDICIAL DISTRICT** |
| | § | |

## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that on January 5, 2023, Defendants Energy Transfer Partners, L.L.C. ("Defendant Energy Transfer") and La Grange Acquisition, L.P. ("Defendant La Grange") (collectively, "Defendants") removed this case from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. A file-stamped copy of the Defendant's Notice of Removal is attached hereto as **Exhibit 1** (without exhibits).

Dated: January 5, 2023                       Respectfully submitted,

*/s/ Kelley Edwards*
Kelley Edwards
Texas State Bar No. 24041775
kedwards@littler.com

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Matthew A. Swanger
Texas State Bar No. 24100286
mswanger@littler.com

LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS
ENERGY TRANSFERS PARTNERS,
L.L.C. and LA GRANGE ACQUISITION,
L.P.**

## <u>CERTIFICATE OF SERVICE</u>

On this 5th day of January 2023, I electronically served the foregoing document on all counsel of record pursuant to the Texas Rules of Civil Procedure.

Charles H. Peckham
Texas State Bar No. 17504900
Mary A. Martin
Texas State Bar No. 00797280
PECKHAM MARTIN, PLLC
Two Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
cpeckham@pmlaw-us.com
mmartin@pmlaw-us.com

*/s/ Kelley Edwards*
Kelley Edwards

APP. 046