**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL GARZA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3-23-CV-00027-D** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | |
| **L.L.C.** | § | |
| **and LA GRANGE ACQUISITION, L.P.** | § | |
| | § | |
| **the Defendant.** | § | *Jury Trial Requested* |

**PLAINTIFF'S BRIEF IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS
AND/OR PARTIAL SUMMARY
JUDGMENT REGARDING DEFENDANT'S AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Abel Garza now moves for judgment on the pleadings and/or for partial summary judgment regarding several of the Defendants' 25 baseless boilerplate affirmative defenses. In support, Abel Garza provides this brief:

1

### TABLE OF CONTENTS

TABLE OF CONTENTS .............................................................................................2

TABLE OF AUTHORITIES .......................................................................................3

I.     ISSUES PRESENTED ........................................................................................6

II.    PROCEDURAL BACKGROUND AND RELEVANT FACTS ......................................6

III.   SUMMARY OF ARGUMENT.............................................................................7

IV.    ARGUMENT

      A.     The Court Should Grant Judgment on the Pleadings as to the Statute of Limitation, Failure to Exhaust Administrative Remedies, After-Acquired Evidence, Mixed-Motive, and Failure to Mitigate Defenses....................................................................................9

      B.     The Court Should Grant Summary Judgment as to the Statute of Limitation, Failure to Exhaust Administrative Remedies, After-Acquired Evidence, Mixed-Motive, and Failure to Mitigate Defenses ...............................................................................12

            Summary Judgment Standard ...................................................12

            Statute of Limitations and Exhaustion of Administrative Remedies ...............................................................................14

            After-Acquired Evidence .........................................................18

            Failure To Mitigate ..................................................................19

            Mixed Motive............................................................................23

V.     CONCLUSION.................................................................................................26

CERTIFICATE OF SERVICE ...................................................................................27

APPENDIX...................................................................... FILED SEPARATELY

## TABLE OF AUTHORITIES

### CASES

*Agoh v. Hyatt Corp.,* 992 F. Supp.2d 722, 738 (S.D. Tex. 2014) .........................19

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)....................................13

*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 684 (2009).........................................7, 10, 11

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)....................... 6, 7, 10, 11

*Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).......................12

*Buckingham v. Booz Allen Hamilton, Inc.,* 64 F.Supp.3d 981, 984, 985, 986, 987 (S.D. Tex. 2014) ............................................................ 13, 20, 22

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 323 (1986)................................. 12, 13

*City of El Paso v. Marquez*, 380 S.W.3d 335, 343 (Tex. App. - El Paso, 2012)...................................................................................................15

*Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) .........................................9

*Ellerbrock v. Lubbock, Texas,* 465 Fed App'x 324, 337 (5th Cir. 2012) ..................................................................................................................19

*Erikson v. Pardus*, 551 U.S. 89, 93 (2007)..............................................................11

*Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000)................................23

*Garcia v. Harris County*, 2019 WL 132382, *2-3 (S.D. Tex. Jan. 8, 2019) ................................................................................................... 20, 21

*Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. 2009)) ................11

*Huffman v. City of Conroe*, 2009 WL 361413, *2, *13 (S.D. Tex., Feb. 11, 2009) ............................................................................... 12, 13, 20, 21

*Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991) ..................................................................................................................13

*Jackson v. Host Intl'l. Inc.,* 426 Fed App'x 215, 222 (5th Cir. 2011)....................20

*Littlefield v. Forney I.S.D.*, 268 F.3d 275, 282 (5th Cir. 2001) ...............................13

*Machinchick v. PB Power, Inc.,* 398 F.3d 345, 355 n. 33 (5th Cir. 2005) ...............................................................................23

*McKennon v. Nashville Banner Pub. Co.,* 513 U.S. 352, 357 (1995) ....................18

*Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1216 (5th Cir. 1995)....................23

*Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998) ...........................................................................13

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) .........................................................10

*Price Waterhouse v. Hopkins,* 490 U.S. 228, 246 (1989)........................................23

*Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150-51 (2000)...............................25

*Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990) .........................20

*Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972)..............................................20

*Specialty Retailers v. DeMoranville,* 933 S.W.2d 490, 492 (Tex. 1986) ...........................................................................15

*Stotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 920 (5th Cir. 1986) ........................13

*Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) .....................................13

*West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 393 (5th Cir. 2003) ................20

*Willis v. Roche Biomed. Lab.,* 61 F.3d 313, 315 (5th Cir. 1995)............................13

*Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)................................9, 10

## STATUTES

Texas Civil Practices and Remedies Code § 16.003 ................................................17

Texas Labor Code Ch. 21 ...................................................................... 14, 15, 17

Texas Labor Code § 21.202 ....................................................................................15

Texas Labor Code § 21.254 ....................................................................................17

38 USC 4327(b) .....................................................................................................14

# RULES

Federal Rule of Civil Procedure 8 ........................................................................ 9,10

Federal Rule of Civil Procedure 8(b) - (c) ............................................................ 10

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 9

Federal Rule of Civil Procedure 12(c) ............................................................... 6, 7, 9

Federal Rule of Civil Procedure 56 ......................................................................12

Federal Rule of Civil Procedure 56(a) ..................................................................12

<u>ISSUES PRESENTED</u>

1. The Federal Rules of Civil Procedure subject claims and defenses to identical pleading requirements.  To be adequately pled, they must contain enough specificity or factual particularity to inform the other party of the claim or defense's substantive factual basis, with the allegations going well beyond mere labels or conclusions or a formulaic recitation of elements.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  Here, the Defendant pleaded failure to exhaust administrative remedies, after-acquired evidence, failure to mitigate, and mixed-motive defenses without mentioning even a single fact in support. without mentioning even a single fact in support.  As to these defenses, should the Court grant judgment on the pleadings pursuant to Rule 12(c)?

2. The Defendant has avoided discovery on the affirmative defenses of failure to exhaust administrative remedies, after-acquired evidence, failure to mitigate, and mixed-motive.  As such, it can present no evidence of them.  Further, given that discovery in this case concluded on November 30, 2023, it is clear there is no evidence in support.  In that regard then, should the Court grant summary judgment on the three affirmative defenses challenged here?

<u>PROCEDURAL BACKGROUND AND RELEVANT FACTS</u>

At the commencement of this case, before any discovery took place, the Defendant asserted several (some repetitive) defenses, including the following five:

- *"Plaintiff's claims are barred…by the applicable statute of limitations".* [Doc 1-3 – Page 39](Second Defense);

- *"Plaintiff's claims are barred…to the extent he failed to properly and timely exhaust administrative remedies"* and *"Plaintiff's claims are barred to the extent they exceed or are outside the scope of a reasonable investigation into the allegations of discrimination presented to the EEOC and/or any similar state fair employment practices enforcement agency"* [Doc 1-3 – Page 39](Third and Sixth Defense);

6

- ▪ *"Plaintiff's claims…may be barred or limited by the after-acquired-evidence doctrine."* [Doc 1-3 – Page 39](Fourth Defense);

- • *"Defendants would have taken the same actions and omissions toward Plaintiff even in the absence of any alleged discriminatory motive, or Plaintiff's alleged request(s) for accommodation and/or alleged protected activity"* and *"Any act or omission…would have been taken based on legitimate, nondiscriminatory grounds regardless of any protected status or protected activity."* [Doc 1-3 – Page 40](Ninth and Eleventh Defense);

- ▪ *"Plaintiff has a duty to mitigate damages and any damages should be denied or reduced to the extent that he has not mitigated them or only done so partially"* [Doc 1-3 – Page 40](Twelfth Defense).;

These defenses are quoted verbatim from the Defendants' Answer. Self-evidently, Defendants did not plead even a single fact allegedly underpinning any of these affirmative defenses (or for that matter, for any of the other 20-odd boilerplate defenses).

## SUMMARY OF ARGUMENT

Defendants' Answer does not meet the pleading standard required by *Iqbal* and *Twombly*. Because it mentions no facts upon which anyone could plausibly conclude that the any statute of limitation, failure to exhaust administrative remedies, after-acquired evidence, mixed-motive, or failure to mitigate defenses apply, the Court should simply grant judgment on the pleadings. FED. R. CIV. P. 12(c).

Alternatively, Defendants bear the burden of proof on each of these defenses.

7

Yet, the Defendants have no evidence in support of any of these defenses.

In response to production request numbers 12, 13 and 14 (Appx. 009 – 010 – Exhibit A – (Defendant's First Amended Answers to Interrogatories)), information was sought for support of several of these defenses, and the Defendant simply declined to participate in the discovery process:

*Limitations:*

**INTERROGATORY NO. 12:** Please state the basis for your contention that "Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations", alleged as a Second Defense in your Original Answer.

**ANSWER:** Defendant will not be answering this contention interrogatory.

*Failure to Exhaust Administrative Remedies:*

**INTERROGATORY NO. 13:** Please state the basis for your contention that "Plaintiff's claims are barred, in whole or in part, to the extent he failed to properly and timely exhaust administrative remedies" as a Third Defense in your Original Answer.

**ANSWER:** Defendant will not be answering this contention interrogatory.

*After-Acquired Evidence:*

**INTERROGATORY NO. 14:** Please identify the "after-acquired evidence" referenced in your Fourth Defense in your Original Answer.

**ANSWER:** Defendant will not be answering this contention interrogatory.

The Court should therefore grant partial summary judgment and dismiss the above enumerated defenses with prejudice.

<u>**ARGUMENT**</u>

**A.   The Court Should Grant Judgment on the Pleadings as to the Statute of Limitation, Failure to Exhaust Administrative Remedies, After-Acquired Evidence, Mixed-Motive, and Failure to Mitigate Defenses.**

A motion for judgment on the pleadings may be made at any time after the pleadings are closed and provided that the motion will not delay trial.  FED. R. CIV. P. 12(c).  It is governed by the same pleading standards applicable to a Rule 12(b)(6) motion.  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

The Federal Rules require affirmative defenses to be pleaded, and defenses are "subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.*  Baldly naming defenses, as the Defendants did here, "falls well short of the minimum particulars" imposed by Rule 8.  *Id.*  Because the "defenses" pleaded here are obviously insufficient – containing no factual allegations whatsoever – the Court should grant judgment on the pleadings and eliminate them from this case.

It is noted that the Defendants' Answer was first filed in state court under state pleading standards on December 30, 2022 [Doc. 1-3, pp. 1, 37-42].  Even with the new year's holiday, the Removal to this Court was filed January 5, 2023 only *three* court business days later [Doc. 1-3, pp. 1, 47-49].  Defendants would have been well

aware when they filed their answer that they would be soon removing the case and would be then subject to more stringent federal pleading standards.  Coupled with the evasive discovery answers seeking facts supporting their defenses in this case (Ex A, above), it can only be that the Defendants sought to raise affirmative defenses as a sword and then attempt to shield themselves from having to provide proof of those defenses by use of a crafty pleading slight-of-hand and by evasive discovery responses so as to be able to provide no facts whatsoever to support them.  The time to divulge those facts was first in the pleadings and next in responses to discovery. The Defendants have not done so.  Defendants must adhere to the pleading standards applicable to the federal courts.

In *Twombly*, the Supreme Court clarified Rule 8's specificity standard for pleadings, holding that pleadings must "provide the 'grounds' of [the party's] 'entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). This standard "governs . . . in all civil actions and proceedings in the United States district courts." *Iqbal*, 556 U.S. at 684.  Answers – just like complaints – are subject to an identical standard. *Woodfield,* 193 F.3d at 362; FED. R. CIV. P. 8(b)-(c).

When deciding whether the Defendants' defenses satisfy the *Twombly/Iqbal* standard, the Court must determine if the asserted defenses go beyond mere labels

and conclusions and a formulaic recitation of elements, if any.  This is because "naked assertion[s] devoid of further factual enhancement" will no longer suffice. *Iqbal,* 556 U.S. at 678 (internal citations and quotation omitted).  For defenses to be properly pleaded, then, they must give a plaintiff not only fair notice of the defense being asserted but "the grounds upon which it rests." *Erickson* v. *Pardus,* 551 U.S. 89, 93 (2007) (internal citation and quotations omitted) (*per curiam*).  "[T]he tenet that a court must accept as true all of the allegations contained in [a pleading] is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action [or defense], supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.  Mere assertions of legal conclusions, moreover, are plainly insufficient; the law now requires that they "must be supported by factual allegations." *Id.*

This standard unquestionably applies to affirmative defenses.  *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 650 (D. Kan. 2009).  In *Hayne,* the court surveyed the *post-Twombly/Iqbal* landscape and noted that the overwhelming majority of courts have applied the heightened pleading standard to affirmative defenses. *Id.* at n.15 (collecting authorities).  Thus, the court

> agree[d] with the reasoning of the courts applying the heightened pleading standard to affirmative defenses. It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses. In both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of

11

possibility that it may apply to the case . . . .  Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense **and not adding it to the case simply upon some conjecture that it may somehow apply**.

*Id.* at 650 (emphasis added).  The court there struck eight affirmative defenses that were pleaded as generally (and with as little factual support) as Defendant's defenses are here.

### B.   The Court Should Grant Summary Judgment as to the Statute of Limitation, Failure to Exhaust Administrative Remedies, After-Acquired Evidence, Mixed-Motive, and Failure to Mitigate Defenses.

*Summary Judgment Standard*

Under FED. R. CIV. P. 56, summary judgment should be entered against a party who lacks proof of an element essential to a claim **or defense** on which it bears the burden of proof.   FED. R. CIV. P. 56(a); *Huffman v. City of Conroe*, 2009 WL 361413, *2 (S.D. Tex. Feb. 11, 2009) (Atlas J.) (granting summary judgment against mitigation defense in an employment discrimination case); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)[emphasis added].  The movant need only demonstrate that there is no genuine issue of material fact as to a single element; he need not negate all the elements of the non-movant's case. *Celotex*, 477 U.S. at 323; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).  The movant may satisfy its judgment burden merely by pointing out the absence of essential evidence supporting the non-movant's claim or defense. *Huffman*, 2009 WL 361413, *3;

*Buckingham v. Booz Allen Hamilton, Inc.*, 64 F.Supp.3d 981, 984 (S.D. Tex. 2014) (Ellison J.) (granting summary judgment against mitigation defense in an employment discrimination case); *Stotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 920 (5th Cir. 1986).

Once the movant satisfies its burden, the burden shifts to the other party to identify specific facts that show a genuine issue of material fact concerning every essential component of its case. *Littlefield v. Forney I.S.D.*, 268 F.3d 275, 282 (5th Cir. 2001); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). This requires the presenting of evidence upon which a jury could reasonably base a verdict in its favor. *See Willis v. Roche Biomed. Lab.*, 61 F.3d 313, 315 (5th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmovant must go beyond the pleadings and by its own affidavits or depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial. *Celotex,* 477 U.S. at 324*; Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "In the absence of any proof, the court may not assume that the non-movant could or would prove the necessary facts at trial." *Huffman*, 2009 WL 361413, *3.

### *Statute of Limitations and Exhaustion of Administrative Remedies*

Claims in this case include discrimination and retaliation violations of the Uniformed Services Employment and Reemployment Act (USERRA), and violations of Chapter 21 of the Texas Labor Code for Disability Discrimination and Harassment (including failure to reasonably accommodate), Age Discrimination and Harassment, and Retaliation.

#### *USERRA Claims are Timely – Summary Judgment Must be Granted*

At the outset, USERRA does not have a statute of limitation, 38 USC 4327(b):

> **(b)INAPPLICABILITY OF STATUTES OF LIMITATIONS.—**
> If any person seeks to file a complaint or claim with … a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim.

Likewise, USERRA has no requirement of any administrative remedy exhaustion.  On these, summary judgment must be granted against the Defendants on their affirmative defense that Mr. Garza has not timely made an administrative complaint about USERRA or filed his suit timely under USERRA.

#### *Chapter 21 Claims are also Timely – Summary Judgment Must be Granted*

As to employment discrimination claims under Chapter 21 of the Texas Labor Code, the Defendants are correct that there is the requirement of an administrative charge.

14

Limitations however is governed by §21.202 of the Texas Labor Code which states that a complaint under Chapter 21 "must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred."  That date is when the employee is informed of the date of the allegedly discriminatory employment decision, *Specialty Retailors v. DeMoranville,* 933 S.W.2d 490, 492 (Tex. 1996).  Further, as alleged as a continuing violation, as did Mr. Garza, the 180-day period does not start to run until one of the discriminatory events should, in firmness and logic, have put the average layperson on notice to act to protect his rights, *City of El Paso v. Marquez*, 380 S.W.3d 335, 343 (Tex.App. – El Paso, 2012).

Mr. Garza first sought accommodation on April 1, 2021 (Exhibits B[1], C[2], D[3], E[4], F[5]).

The first that Mr. Garza became <u>aware</u> that his requested accommodations would not be enacted was by letter of October 22, 2021 (Exhibits B[6], D[7], G[8]).  The

---

[1] Appx. 021 – Exhibit B – (EEOC/TWC Charge, Exhibit 4).

[2] Appx. 048-054; Appx. 055-060 – Exhibit C – (Deposition of Abel Garza, p. 86, l. – p. 92, l. 11; p. 93, l. 12 – p. 98, l. 11).

[3] Appx. 079 – Exhibit D – (Deposition of Clarissa Velasco, p. 128, ll. 14 – 20).

[4] Appx. 108 – Exhibit E –(Deposition Exhibit 4 [ETP 000320]).

[5] Appx. 110 – Exhibit F – (Deposition Exhibit 31 [ETP 000014 – 15]).

[6] Appx. 023 – Exhibit B – (EEOC/TWC Charge, Exhibit 5, Para V).

[7] Appx. 074-075; 075-076 – Exhibit D – (Deposition of Clarissa Velasco, p. 116, l. 11 – p. 117, l. 12; p.117 l. 21- p. 118, l. 8).

[8] Appx. 112 – Exhibit G – (Deposition Exhibit 12A [ETP 000010]).

Charge file date of January 4, 2022 was 74 days after October 22, 2021, less than 180 days.

Mr. Garza also complains that he was passed over for transfer to another available position as an accommodation (Exhibits B[9], D[10], G[11]).  He applied for that position no earlier than August 1, 2021, 156 days before his charge filing date.  He was interviewed on October 1, 2021, and while he was originally told the job was his to have, he was later told on January 4, 2022 that it would not be provided to him and it was provided to a non-disabled person (Exhibits D[12], I[13])  He filed his charge the same day – January 4, 2022 - 0 days before the charge filing date (Appx. 012-035 - Exhibit B – (EEOC/TWC Charge).

In his first supplemental charge filed May 10, 2022, Mr. Garza alleged that he had been 'officially' notified of his termination from employment on April 20, 2022, which was only 20 days prior to the supplemental charge.  (Exhibits J[14], K[15]).

---

[9] Appx. 021; 024-025; 031 – Exhibit B – (EEOC/TWC Charge, Exhibit 4; Exhibit 6; Exhibit 8-Para V).

[10] Appx. 075; 087-089 – Exhibit D - (Deposition of Clarissa Velasco, p. 117, ll. 1 – 25; p. 148, l. 21 – 150, l. 5).

[11] Appx. 114-115; Exhibit H – (Deposition Exhibit 48 [ETP 000267 – 268] – (this copy is almost unreadable, but is attached here as it was produced by Defendants).

[12] Appx. 092– Exhibit D - (Deposition of Clarissa Velasco, p. 167, ll. 8 – 22).

[13] Appx. 117 – Exhibit I – (Deposition Exhibit 61 [ETP 000429]).

[14] Appx. 119-123 – Exhibit J – (EEOC/TWC 1st Supplemental Charge).

[15] Appx. 130-134 – Exhibit K - (Deposition Exhibit 25 [AG – 000029; AG – 000009 – 12]).

In his second supplemental charge filed May 12, 2022, Mr. Garza alleged that he had filed his initial charge on January 4, 2022, and that his new notice of termination and events related were in retaliation for the filing of that charge. (Exhibit L[16]).  Just 128 days elapsed from the date of the filing of the first charge to the date of the second supplemental charge alleging resultant retaliation.

None of these events are outside of the 180-day limitations period under Chapter 21 of the Texas Labor Code.  As such, as a matter of law, the statute of limitations related to exhausting of administrative remedies has been met, and that affirmative defense by the Defendants must fail.

Next, a civil action under Chapter 21, if to be filed, must be filed within 60 days after the date the notice of the right to file suit is received, according to §21.254 of the Texas Labor Code.  The Notice of Right to Sue was dated (without regard to receipt date) on October 11, 2022 (Appx. 165-166 - Exhibit M – EEOC Notice of Right to Sue).  Suit was filed in the Dallas County District Courts on November 21, 2022 [Document 1-3, Exhibit 4, pages 13-30], an expanse of 41 days which is less than the 60 days required by statute.

Last, the overarching Texas statute of limitations of two years that applies to all employment related cases under Texas law in §16.003 of the Texas Civil Practice and Remedies Code has also been met.  Mr. Garza's first request for accommodation

---

[16] Appx.  136-139 – Exhibit L – (EEOC/TWC 2nd Supplemental Charge).

occurred on April 1, 2021 according to Mr. Garza's charge (Appx. 012–035 - Exhibit B – EEOC/TWC Charge).

All events alleged here occurred after, and many well after, that time as set out in the respective charge and supplements.  All of those events occurred within two years prior to the filing date of November 21, 2022 [Document 1-3, Exhibit 4, pages 13-30].

The Defendants' defenses here, like so many of its defenses, are baseless as a matter of law and summary judgment should be granted.

### *After-Acquired Evidence*

The after-acquired evidence defense pertains to an employer's supposed discovery, sometime after an employee's termination, "of wrongdoing which would have resulted in discharge." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995).  The doctrine requires employers to "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* at 362.  Even if established, it does not foreclose liability; instead, it merely limits available remedies. *Id.* at 361-62.

Defendant's Answer [Doc 1-3] alleged no facts establishing or even suggesting the existence of such wrongdoing by Mr. Garza, let alone that Defendants discovered something that was so severe that the Defendants would have terminated

Mr. Garza's employ if the Defendants had learned of it earlier. In fact, the evidence establishes that Mr. Garza's work quality in the seven (7) years of his employment with Defendants has never been an issue as evidenced by Mr. Garza's Appraisal Reports and certificates (Appx. 168-170; 172-175; 177-180; 182; 184; 186-187 - Exhibits N, O, P, Q, R, S, respectively). His annual reviews from 2018 – 2020 show Mr. Garza was well qualified for his position (Appx. 189-192; 194-198; 200-203 - Exhibits T, U, V respectively).

The Defendants when asked what proof they had to support such a contention simply declined to answer (Appx. 010 - Exhibit A - (Defendant's First Amended Answers to Interrogatories)):

**INTERROGATORY NO. 14:** Please identify the "after-acquired evidence" referenced in your Fourth Defense in your Original Answer.

**ANSWER:** Defendant will not be answering this contention interrogatory.

The Defendants can meet none of the elements of this defense as there are no facts supporting this defense and summary judgment should be granted.

### *Failure to Mitigate Damages*

Failure to mitigate damages is an affirmative defense upon which Defendants also bear the burden of proof. *Agoh v. Hyatt Corp.*, 992 F. Supp.2d 722, 738 (S.D. Tex. 2014) (citing *Ellerbrook v. Lubbock, Texas*, 465 Fed App'x 324, 337 (5th Cir. 2012)).

19

The defense requires proof of two factual elements: (1) the availability of substantially equivalent work; and (2) Plaintiff did not make reasonable efforts to obtain such work. *Buckingham*, 64 F. Supp.3d at 984 (An employer may prove failure to mitigate "by demonstrating that substantially equivalent work was available and that the plaintiff did not exercise reasonable diligence to obtain it."); *Garcia v. Harris County*, 2019 WL 132382, *2 (S.D. Tex. Jan. 8, 2019) (Miller J.); *Huffman*, 2009 WL 361413, *13.[17] "Substantially equivalent employment" means work affording virtually identical promotion opportunities, compensation, job responsibilities, working conditions, and status as the position from which the plaintiff was discriminatorily terminated. *Buckingham*, 64 F. Supp.3d at 984. The reasonableness of a plaintiff's diligence should be evaluated in light of the individual characteristics of the claimant and the job market itself. *Id.*

---

[17]Some Fifth Circuit decisions say that if an employer proves an employee has not made reasonable efforts to obtain work, then it need not also establish the availability of substantially comparable employment. *See, e.g., Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003); *Jackson v. Host Int'l, Inc.,* 426 Fed. App'x 215, 222 (5th Cir. 2011). But as stated in *Garcia*, these cases conflict with an earlier Fifth Circuit opinion, *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972), which constitutes binding precedent because it came first. *Garcia*, 2019 WL 132382, *2. Proof is required of both elements of the defense. *Id.* (Miller, J.); *Huffman*, 2009 WL 361413, *13 (Atlas, J.); *Buckingham*, 64 F. Supp.3d at 985 (Ellison, J.).

With those elements in mind, we do know that Mr. Garza obtained work after his termination from the Defendants (Exhibit C[18]).   The Defendants have not provided and cannot provide any proof on which to support a failure to mitigate defense.

The failure on either element dooms the defense to failure.  *Huffman* capably illustrates this point, with Judge Nancy Atlas in the Southern District of Texas having found that the defendant's failure to show the existence of substantially equivalent work, standing alone, warranted summary judgment as to the mitigation defense.  *Huffman*, 2009 WL 361413, *13.  Judge Gray Miller reached the same conclusion in *Garcia*, 2019 WL 132382, *2-3.  There, Garcia challenged Harris County's mitigation defense via a motion for summary judgment.   The Court initially denied the motion.  Plaintiff moved for reconsideration, demonstrating that binding 5th Circuit precedent required the employer to demonstrate the existence of available substantially equal work *plus* a failure to exercise reasonable diligence to obtain it.   The Court then granted the motion for reconsideration and granted summary judgment against the employer.   In doing so, it ruled that summary judgment should be granted on the failure to mitigate defense because "Harris County has not carried its burden of demonstrating the availability of substantially

---

[18] Appx. 045-047 – Exhibit C – (Deposition of Abel Garza, p. 41, l. 23 – p. 43, l. 13).

equivalent employment". *Id.*

Finally, in an opinion that dug deeply into the factual record, Judge Keith Ellison, also in the Southern District, granted summary judgment where the employer identified some available positions but presented no evidence about their "promotional opportunities, compensation, job responsibilities, working conditions, or status", absent which there could be no basis to identify any as substantially equivalent jobs. *Buckingham*, 64 F. Supp.3d at 986. Having found "that [the Defendant] has not met its burden in demonstrating the availability of substantially equivalent jobs", Judge Ellison ruled that the court "need not reach the question of whether [Plaintiff] was reasonably diligent in seeking alternate work." *Id.* at 987. He proceeded to grant summary judgment against the employer solely because it had no evidence that substantially equivalent work existed.

Here, the Defendants have not identified and cannot identify any facts, not even one, that is relevant to the defense's two elements. They provided no evidence of any jobs, let alone substantially equivalent ones, that were supposedly available. That alone should end the matter because without jumping that hurdle, the courts do not even turn to questions of substantial equivalence or lack of diligence. Of course, the Defendants here have provided no testimony or discovery in the form of disclosures, a written interrogatory response, or document about substantially equivalent jobs or Plaintiff's diligence. On this record, then, the Court should grant

summary judgment and dismiss the failure to mitigate defense from this case.

### *Mixed Motive*

The mixed-motives defense – where an employer contends that its discrimination notwithstanding, it would have made the same decision anyway – is an affirmative defense to liability. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 355 n.33 (5th Cir. 2005), quoting *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) and *Price Waterhouse v. Hopkins*, 490 U.S. 228, 246 (1989) ("[T]he employer's burden is most appropriately deemed an affirmative defense: the plaintiff must persuade the factfinder on one point, and then the employer, if it wishes to prevail, must persuade it on another.").  Defendant's Answer pleads no specific facts setting forth the basis for its supposed contention that it would have made the same decision anyway [Doc 9, Page 8, Para. C.10.].  That failure alone to plead facts makes the pleading inadequate as a matter of law.  The Court should grant judgment on the pleadings as to this defense.

This defense further suffers from the same defect as the mitigation one – namely, the failure to actually point the Court to objective proof that the Defendants would have made the same decision to terminate Mr. Garza even if one of the motivations was his disability, age, or veteran's status.  As the Fifth Circuit said in *Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000), "to prove a mixed-motive defense the employer should be able to present some *objective* proof that the

same decision would have been made." The inquiry is not about whether the same decision would have been justified, but instead the employer must show that its legitimate reason standing alone would have produced the same decision." *Id.* In other words, an employer must do something more than simply articulate an explanation for the challenged employment decision.

Here, the Defendants stated that the only reason for Mr. Garza's termination was his disability – a military service-related disability at that.[19]

There were months of Mr. Garza seeking accommodation[20] He was told he had received a new position that would accommodate his military disability, and was lied to about it for months, only to find that the job had been offered to another non-disabled person (Exhibits W[21], X[22]). And that person was not a current employee when ETP's own policies require that current employees be given priority in filling open positions (Exhibit Y[23] [highlight added]):

---

[19] Appx. 035 – Exhibit B – (EEOC/TWC Charge, Exhibit 10).

[20] Appx. 012-035; 119-128; 136-163 – Exhibits B, J and L, respectively – (EEOC/TWC Charge; EEOC/TWC Supplemental Charge; EEOC/TWC Second Supplemental Charge).

[21] Appx. 205-207 – Exhibit W – (Deposition Exhibit 42 showing that Abel Garza was qualified for and interviewed for the position, but that Matthew Thomas, who was not disabled nor an employee of the Defendants, was instead hired (ETP 000321-322 and ETP 000119)).

[22] Appx. 209-211 – Exhibit X – (Deposition Exhibit 83 - Matthew Thomas' resume showing he was not an employee of the Defendants (ETP 00115-117).

[23] Appx. 221 – Exhibit Y – (Deposition Exhibit 30 - Excerpts of Employee Handbook – See Page ETP 000095 that indicates internal hires like Mr. Garza are to be given priority over outside candidates in hiring decisions).

### 3-2. Internal Application Process

Energy Transfer has a job posting program to inform employees of available staff positions. The Company will attempt to fill job vacancies with internal candidates prior to seeking outside candidates. Vacancies will typically be posted concurrently or they may be posted internally for one week prior to being posted externally.

It is undisputed that that even though internal hires were to be given priority prior to seeking outside candidates for open positions, that the Defendants went out of their way to make certain that Mr. Garza would not be selected in a position that would accommodate his disability – a position for which he was qualified and had *priority* in hiring. The Defendants specifically intended to discriminate against Mr. Garza.

As to this after-acquired evidence defense, there is not an *iota* of objective proof that the same decision would have been made anyway, and that is what Defendant must adduce. *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 150-51 (2000) (for judgment as a matter of law purposes, courts should not credit evidence offered by the movant that comes from interested witnesses). Thus, Defendant's mere pleading of an allegation of mixed motive fails to raise a triable issue of material fact about whether the Defendants would have made the same decision to failure to accommodate and to terminate Mr. Garza from his employment. The Court should therefore grant summary judgment regarding the mixed motives defense.

<u>CONCLUSION</u>

Defendants' pleading fails to adequately allege the statute of limitations, failure to exhaust administrative remedies, after-acquired evidence, mixed-motive, and failure to mitigate defenses.  The Court should therefore grant judgment on the pleadings and dismiss these defenses.

Alternatively, it is undisputed that Plaintiff served discovery in this case on several of these defenses and the responses were only refusals to provide proof – likely the same refusal they will give to this Court.

Defendants have thus disclosed no facts in support of these defenses and are now foreclosed from presenting any such alleged facts.  Because Defendants lack evidence of the defenses' elements, and may not now present such evidence, the Court should grant this motion for partial summary judgment.

Respectfully submitted,

_____
Charles H. Peckham
FBN:  15770
TBN: 15704900
cpeckham@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044

**COUNSEL FOR PLAINTIFF**

## <ins>CERTIFICATE OF SERVICE</ins>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following on this the 4th day of January 2024 via electronic service:

Kelley Edwards (Attorney in Charge)
kedwards@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

Matthew A. Swanger (Local Counsel)
mswanger@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931

**COUNSEL FOR DEFENDANTS ENERGY TRANSFER PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.**

_____
Charles H. Peckham