IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ABEL GARZA,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:23-cv-00027-D |
| **ENERGY TRANSFER PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.,** | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Energy Transfer Partners, L.L.C. ("Energy Transfer") and La Grange Acquisition, L.P. ("La Grange") (collectively, the "Company" or "Defendants") now reply to Plaintiff Abel Garza's Response to Defendants' Motion for Summary Judgment. Defendants incorporate herein by reference the entirety of their Brief in Support of Defendants' Motion for Summary Judgment and Appendix in Support thereof [Doc. Nos. 21-23] ("Defendants' Brief").

**A.**     **Plaintiff Has Failed to Present Evidence Establishing a *Prima Facie* Case of Disability Discrimination.**

Plaintiff's disability claim fails outright because he failed to show he was qualified for his position and that there was a causal connection between his disability and his termination. To recover on his claim of disability discrimination, Plaintiff was required to demonstrate that he (1) could "perform the essential functions of the job in spite of [his] disability," or, if he could not, (2) that "a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job." *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

1

But Plaintiff admitted in his Response that when alarms would sound at the powerplant, Plaintiff was unable to concentrate, could not breathe, had headaches, and could not think. [Doc. No. 30, pg. 20, ¶3.06]. These limitations kept Plaintiff from performing the essential functions of his job, which included the requirements that Plaintiff respond to alarms and problems within the plant while taking corrective measures, react to high stress/emergency situations in a deliberate, thoughtful, and timely manner, and work in confined spaces and around loud machinery (App. at 301-303, 77-81 [Doc. No. 23-1, 23-2]).[1]

Importantly, Plaintiff's assertion that all he requested was a "slight" accommodation grossly misstates the unreasonable and impractical requests he made. [Doc. No. 30, pg. 11, ¶2.04]. Plaintiff's requested accommodations included being moved to positions which either did not exist or were not available, or requiring another employee to shadow Plaintiff in case Plaintiff had a medical episode. [*see* Doc. No. 22, pg. 20-21]. Neither of these requested accommodations are reasonable under the law. *See Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) ("The ADA does not require an employer to relieve an employee of any essential functions of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so"); *see also Silva v. City of Hidalgo, Tex.*, 575 Fed. Appx. 419, 423 (5th Cir. 2014) ("For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant").

Regardless, Plaintiff's Response [Doc. No. 30] has failed to show that the Company terminated Plaintiff on account of his disability, as is required for him to maintain a claim. *LHC Group, Inc.*, 773 F.3d at 697. The Company informed Plaintiff on several occasions that given the essential functions of his job and his limitations, the Company could not provide him with

---

[1] [Doc. No. 23-2] Exhibit 6-B, Job Description – Plant Operator; [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 75:14-76:2, 77:13-79:16.

*reasonable* accommodations. (App. at 278, 282-283 [Doc. No. 23-2]).[2] Plaintiff's speculation that other positions *might* have accommodated him does not change this fact, and perhaps more importantly, Plaintiff never proposed any other positions as a possible reasonable accommodation while he was employed. Indeed, Plaintiff did not apply for or request any other positions after he was informed that the safety representative position was no longer available. (App. at 161, 165, 169 [Doc. No. 23-1]).[3] When Plaintiff remained on leave for several more months, the Company provided Plaintiff one last opportunity to return to work in April of 2022. (App. at 284-286 [Doc. No. 23-2]).[4] Despite this final invitation, Plaintiff did not return to work and was terminated accordingly. (App. at 284-286, 226 [Doc. Nos. 23-1, 23-2]).[5] The Company was not required to retain Plaintiff's employment through indefinite medical leave. *See Reed v. Petroleum Helicopters, Inc.*, 218 F.3d 477, 481 (5th Cir. 2000) (citing *Rogers*, 87 F.3d at 759 (holding that an indefinite medical leave is not a reasonable accommodation). The Company terminated Plaintiff because there was no reasonable accommodation that would allow him to perform his essential job duties – not "on account of" his disability – a critical distinction.

Given that Plaintiff has failed to meet his burden of proof on his *prima facie* case, Defendants' Motion for Summary Judgment should be granted in its entirety.

**B.     Plaintiff Has Not Properly Asserted a Failure to Accommodate Claim.**

Plaintiff's Original Petition makes clear that his claims are for disability discrimination under the Texas Labor Code and, more specifically, under sections 21.051, 21.055, and 21.105 – not for a failure to accommodate. [Doc. No. 1-3, pg. 21-25, ¶32-43]. Plaintiff states several times

---

[2] [Doc. No. 23-2] Exhibit 5-D, 2021-10-22 Letter Regarding Accommodations; [Doc. No. 23-2] Exhibit 5-G, 2021-11-23 Letter Regarding Accommodations
[3] [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 159:14-23, 163:20-22, 167:8-19.
[4] [Doc. No. 23-2] Exhibit 5-H, 2022-04-20 Letter Regarding Return to Work.
[5] [Doc. No. 23-1] Exhibit 5-H, 2022-04-20 Letter Regarding Return to Work; [Doc. No. 23-2] Exhibit 2, Velasco Depo., 224:20-23.

3

that his claims are based on disability discrimination without mentioning that he was also intending to bring a failure to accommodate claim. [Doc. No. 1-3, pg. 24, ¶¶ 35, 36, 38, 39]. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (citation omitted). "District courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 204 (5th Cir. 2012).

But even if Plaintiff had properly pled a failure to accommodate claim (which he has not), the claim requires proof by Plaintiff that (1) the employer is covered by the statute; (2) [Plaintiff] is an individual with a disability; (3) [Plaintiff] can perform the essential functions of the job with or without reasonable accommodation; and (4) the employer had notice of the disability and failed to provide accommodation." *Mzyk v. Ne. Indep. Sch. Dist.*, 397 Fed.Appx. 13, 15 n.3 (5th Cir. 2010).[6] As detailed at length in Defendants' Motion for Summary Judgment [Doc. No. 22, pg. 18-23], despite the Company's extensive efforts, Plaintiff could not perform the essential functions of the job with or without reasonable accommodation. The essential functions of Plaintiff's position included a requirement that he work independently, respond to alarms and problems within the plant, react to high stress/emergency situations, and work in confined spaces. (App. at 301-303, 77-81 [Doc. No. 23-1, 23-2]).[7] Knowing these were his essential job functions, Plaintiff expressly told the Company that he could not be around loud noises and alarms because it would

---

[6] Defendants note for the Court the difference in elements from a disability discrimination claim, which requires Plaintiff to show: (1) that he has a disability; (2) that he was qualified for the job; (3) that he was subject to an adverse employment decision on account of his disability, and (4) that he was replaced by or treated less favorably than non-disabled employees. *LHC Group, Inc.*, 773 F.3d at 697.

[7] [Doc. No. 23-2] Exhibit 6-B, Job Description – Plant Operator; [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 75:14-76:2, 77:13-79:16.

4

cause anxiety and flashbacks (App. at 57, 90, 269 [Doc. No. 23-1, 23-2]),[8] admitted that he could not perform the Plant Operator position alone (App. at 95 [Doc. No. 23-1]),[9] and stated that he could not return to a position in the powerhouse (App. at 121 [Doc. No. 23-1]).[10]  The Company informed Plaintiff on numerous occasions that they could not accommodate these restrictions because they would remove essential functions of his job. Without a showing that there was a reasonable accommodation that could have accommodated his condition, Plaintiff cannot establish the required elements of his prima facie case, and his alleged "failure to accommodate" claim fails.

The undisputed evidence also reflects the Company's extensive efforts to identify and provide a reasonable accommodation for Plaintiff's documented condition. *See* Defendants' Brief at 4-8.  But the accommodations Plaintiff sought would have eliminated the essential functions of his position, and the Company could not identify any other available positions he was qualified for.  While Plaintiff claims that his initial accommodation request was only that another employee be trained to cover for him in the Powerhouse as needed, his request specifically proposed "having someone else working [t]here at Powerhouse with [him] . . . and making sure someone [was] there to help [him] if there [were] problems." Def. Appx. 269.  As fully explained in Defendants' Brief, this was not a reasonable accommodation as a matter of law.  *See* Def. Brief at 14-16; *Burch v. City of Nacogdoches*, 174 F.3d 615, 621 (5th Cir. 1999) ("The ADA does not require an employer to relieve an employee of any essential functions of his or her job, modify those duties, reassign existing employees to perform those jobs, or hire new employees to do so").  Given that Plaintiff's requests would have eliminated essential functions of his position or required the Company to create a new position, there was no further duty for the Company to take steps to accommodate

---

[8] [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 55:7-12, 88:17-20; [Doc. No. 23-2] Exhibit 5-A, 2021-04-01 Email from Plaintiff
[9] Exhibit 1, Plaintiff Depo., 93:23-25.
[10] Exhibit 1, Plaintiff Depo., 119:1-11.

Plaintiff.  "Under the ADA, an employer is not required to give what it does not have." *Foreman v. Babcock & Wilcox*, 117 F.3d 800, 810 (5th Cir. 1997).  Further, "[w]here an accommodation is not available, [applicable] law permits an employer to terminate a disabled employee where it appears that, ultimately, due to the nature of the injury, the employee can no longer perform the essential functions of the job." *Id*. at 620.[11]

Because Plaintiff failed to plead a failure to accommodate claim, and even if he did, he cannot establish a *prima facie* case of a failure to accommodate his disability, Defendant is entitled to summary judgment.

C. **Plaintiff Failed to Present Any Evidence that He was Discriminated Against Based on His Age.**

Plaintiff dedicates all of five sentences in his Response to argue that the Company discriminated against him due to his age. [Doc. No. 30, pg. 44-45, ¶3.81-3.84].  Despite his conclusory statements, Plaintiff's own testimony establishes that no one had made any negative comments about his age and that Plaintiff himself had no knowledge how younger employees were treated at the plant. (App. at 182 [Doc. No. 23-1]).[12]  Even so, Plaintiff's mere allegation that his termination was "pretextual" does not meet his burden of proof.  The Court must grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's age discrimination claim.

---

[11] Because the accommodation Plaintiff was requesting would have required the Company to create a new position or reassign another employee, it also would have amounted to an undue hardship to the business. A determination of undue hardship is based on several factors, including the impact of the proposed accommodation on the operation of the facility.  See 42 U.S.C. §12111(1)(B) (1992); 29 C.F.R. §1630.2(p)(2) (1997).  Plaintiff's reliance on *Groff v. DeJoy* is entirely misplaced, as that was a religious accommodation case brought under Title VII, not a disability accommodation case under the ADA.  600 U.S. 447 (June 29, 2023).
Furthermore, Plaintiff has grossly misrepresented the profit of "Energy Transfer" in a failed attempt to combat La Grange's undue burden defense. [Doc. No. 30, ¶3.56].  At no point did Plaintiff provide evidence or explanation of how much "net profit" the King Ranch Gas Plant received in 2021, or the "net profit" of La Grange.  Rather, Plaintiff merely lumped together *all* of Energy Transfer's entities to fit his argument. This is not proper summary judgment evidence.
[12] [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 180:1-12.

D. **Plaintiff Did Not Provide Evidence of a "Motivating Factor" to Establish his Claims of Discrimination and Retaliation under USERRA.**

Plaintiff's USERRA argument is essentially that since his disability is related to his prior military service, and he believes he was discriminated against due to that disability, Defendants' actions were "de facto service-related discrimination" under USERRA. [Doc. No. 30 at ¶3.91]. This argument is incorrect. To recover on a USERRA claim, Plaintiff is required to show that his *military status* was at least a *motivating factor* in the Company's decision to terminate him. *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed.Cir.2001). The mere fact that Plaintiff's disability stems from his military service, and that he believes he was discriminated against because of that disability, does not mean it was a motivating factor in the Company's decision to terminate his employment.

This Court dealt with a similar issue in *Bennett v. Dallas Independent School District*, where the plaintiff asserted the same arguments for both of his claims of discrimination and retaliation under the ADA and USERRA. 936 F. Supp. 2d 767, 773 (N.D. Tex. 2013). In *Bennett*, the plaintiff was a school police officer who was deployed to Afghanistan and Iraq during the middle of his employment and sustained injuries during the deployment, including post-traumatic stress disorder ("PTSD"). *Id*. Upon his return, the employer required the plaintiff fill out an essential functions form and undergo a psychological fitness for duty exam. *Id*. at 774. Although the plaintiff was eventually cleared of physical restrictions, he refused to undergo the required psychological evaluation, leading to his termination. *Id*. at 774-75. In discussing the plaintiff's USERRA discrimination claim, this Court specifically noted that the plaintiff asserted the same arguments for his ADA and USERRA claim and stated: "[a]lthough [plaintiff] was injured and developed PTSD during his military service, [plaintiff] points to no evidence that [the employer's] decisions regarding his employment <u>related to his protected status as a member of the military</u>. *Id*.

7

at 788. (emphasis added) (citations omitted). Similarly here, Plaintiff has not provided any evidence that his protected status as a member of the military was a motivating factor in the Company's decision to terminate his employment. Instead, Defendants have established that Plaintiff's termination was due to his failure to return to work. Therefore, Plaintiff's claims of discrimination under USERRA fail.

Similarly, Plaintiff has not presented evidence that his USERRA "protected activity" motivated the Company's adverse employment action, thereby defeating his USERRA retaliation claim. *See Bennett,* 936 F. Supp. 2d at 788-89 ("[Plaintiff] fails to point to any evidence of a connection between his USERRA-protected actions and [the employer's] decisionmaking"). Importantly, Plaintiff testified that his claim of retaliation refers to his request for a disability accommodation, not the filing of a charge of discrimination or anything else protected under USERRA. (App. At 183 [Doc. No. 23-1])[13]. And for the reasons discussed below, Plaintiff's retaliation claim also lacks merit.

For these reasons, Defendants are entitled to summary judgment as a matter of law on Plaintiff's USERRA discrimination claim.

### E. **Plaintiff's Retaliation Claim Should Be Dismissed as Plaintiff Failed to Create a Genuine Issue of Material Fact as to the Required Elements.**

Interestingly, Plaintiff omitted from his Response any evidence demonstrating a causal connection between his filing his charge of discrimination in January of 2022 and his eventual termination in April of 2022, which defeats his entire claim of retaliation. At no point does Plaintiff point to any evidence even suggesting an inference of retaliatory motive. Instead, Plaintiff only conclusively states that a causal connection exists. [Doc. No. 30, pg. 45, ¶3.86]. This is insufficient for Plaintiff to meet his summary judgment burden.

---

[13] [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 181:4-14.

Even though Plaintiff has not created a genuine issue of material fact to survive summary judgment, the Company presented evidence establishing a legitimate, nonretaliatory reason for Plaintiff's termination. *See supra*. In order to rebut Defendants' evidence, Plaintiff was required to prove that "but for" Plaintiff's protected activity, he would not have been terminated. *Pineda v. UPS, Inc.*, 360 F.3d 483, 487 (5th Cir. 2004) (citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 685 (5th Cir.2001) (Plaintiff "must demonstrate that he would not have been terminated 'but for' engaging in the protected activity."). Plaintiff wholly failed to provide this Court any evidence demonstrating that "but for" the filing of his charge of discrimination, he would not have been terminated. Instead, Plaintiff merely summarily states the elements of a retaliation cause of action and claims he is entitled to relief. [Doc. No. 30, pg. 45, ¶3.86]. Due to Plaintiff's failure to create a genuine issue of material fact as to his retaliation claim, Defendants ask the Court to grant its Motion for Summary Judgment.

**F.     Defendants have Established the Company's Legitimate, Nondiscriminatory Reason for Plaintiff's Termination, and Plaintiff Failed to Provide Evidence Demonstrating the Decision was Pretextual.**

Even though Plaintiff has failed to provide sufficient summary judgment evidence to establish his *prima facie* case of discrimination or retaliation, the Company has demonstrated a legitimate, nondiscriminatory reason for Plaintiff's termination – Plaintiff failed to return to work following an extended leave of absence. *See Greene v. Santander Consumer USA, Inc.*, No. 4:18-CV-247-A, 2019 WL 399532, at *4 (N.D. Tex. Jan. 30, 2019) (citations omitted) (stating that a failure to return to work is a legitimate and nondiscriminatory reason for terminating a disabled employee). In response, Plaintiff's counsel stated that Plaintiff's termination was "confusing" because of a previous letter Plaintiff received. [Doc. No. 30, pg. 33, ¶3.48]. Plaintiff testified,

9

however, that he learned of his termination in April of 2022. (App. at 166 [Doc. No. 23-1]).[14] Further, Plaintiff sent La Grange an "update" on his medical condition at the end of January of 2022, which would be an odd thing to do if Plaintiff believed his employment had been terminated earlier in the month. (App. at 166 [Doc. No. 23-1]).[15] Despite Plaintiff's possible assumptions or misunderstandings, the fact remains that the Company terminated Plaintiff's employment due to his failure to return to work, which is a legitimate, nondiscriminatory reason.

In conjunction with this lack of evidence to dispute the Company's legitimate, nondiscriminatory reason for Plaintiff's termination, Plaintiff has not shown that the Company's actions were pretextual and instead, has continued to rely on his own assumptions, speculations, and conclusory statements. Plaintiff's only attempt to manufacture an issue of fact regarding pretext is to challenge certain business decisions the Company made, such as the timing of the notification to Plaintiff that it had selected another individual for the safety job he applied for. But without evidence of discrimination or retaliation, Plaintiff's disagreement with the Company's business judgment is insufficient to support his claim. *Jackson v. Watkins*, 619 F.3d 463, 468 n.5 (5th Cir. 2010) ("[I]t is not our place to second-guess the business decisions of an employer, so long as those decisions are not the result of discrimination."). Accordingly, for example, Plaintiff's disagreement with the manner in which the Company selected an individual for the Safety Position he applied for cannot defeat Defendants' Motion for Summary Judgment.

Because Plaintiff has failed to create a fact issue on the elements of each of his claims, Defendants ask the Court to grant its Motion for Summary Judgment and dismiss Plaintiff's claims in their entirety.

---

[14] [Doc. No. 23-1] Exhibit 1, Plaintiff Depo., 164:2-5.
[15] [Doc. No. 23-1] Exhibit 1, Plaintiff Depo: 164: 8-22.

Date: February 21, 2024                                  Respectfully submitted,

                                                                    */s/ Kelley Edwards*
Kelley Edwards (Attorney-in-Charge)
Texas State Bar No. 24041775
kedwards@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

Matthew A. Swanger (Local Counsel)
Texas State Bar No. 24100286
mswanger@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS ENERGY TRANSFER PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.**

### CERTIFICATE OF SERVICE

    I hereby certify that on February 21, 2024, the foregoing was electronically filed with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

Charles H. Peckham
Mary A. Martin
PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
cpeckham@pmlaw-us.com
mmartin@pmlaw-us.com

*Attorneys for Plaintiff*

                                                  */s/ Kelley Edwards*
Kelley Edwards