**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ABEL GARZA** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3-23-CV-00027-D** |
| | § | |
| **ENERGY TRANSFER PARTNERS,** | § | |
| **L.L.C.** | § | |
| **and LA GRANGE ACQUISITION, L.P.** | § | |
| | § | |
| **the Defendant.** | § | *Jury Trial Requested* |

## PLAINTIFF ABEL GARZA'S OBJECTIONS TO BILL OF COSTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Abel Garza ("Garza") files this, his Objections to the Bill of Costs submitted by the Defendants in this matter [Doc. 46, 46-1, 46-2] and the Bill of Costs as entered [Doc 47] and in support sets out as follows:

**I.**
**The Court has Discretion to Deny or Significantly Reduce the Defendants' Bill of Costs.**

1.	The Federal Rules of Civil Procedure permit recovery of costs by the prevailing party in a suit other than attorneys' fees, but this Court retains broad discretion in taxing costs. FED. R. CIV. P. 54(d)(1); The district court has broad discretion in taxing costs. *Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-CV-00133-O, 2015 WL 12696493, at *2 (N.D. Tex. Jan. 22, 2015); *Alberti v. Klevenhagen*, 46 F.3d 1347, 1358 (5th Cir. 1995). However, Rule 54(d) does not give district judges unrestrained discretion to tax costs in order to reimburse a winning litigant for every expense incurred in the conduct of the case. *Id., See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

1

2.      A court may only tax the following as costs pursuant to Rule 54(d):

(1)     fees for the clerk;

(2)     fees for printed or electronically recorded transcripts
        necessarily obtained for use in the case;

(3)     fees for printing and witnesses;

(4)     fees for exemplification and the costs of making copies of
        any materials where the copies are necessarily obtained for
        use in the case;

(5)     docket fees; and

(6)     compensation of court appointed experts and interpreters.  28 U.S.C. § 1920.

3.      Allowable costs are limited to these categories, and any expenses not authorized by the statute are to be borne by the party incurring them. *Crawford Fitting Co.*, 482 U.S. at 441-42.

4.      Once an objection to the costs has been raised, the party seeking the costs bears the burden of verifying that the costs were "necessarily incurred in the case rather than merely spent in preparation and litigation of the case." *Neutrino Devel. Corp. v. Sonosite, Inc.*, 2007 WL 998636, *1 (S.D. Tex. March 30, 2007) (citing *Fogleman v. Arabian Am. Oil Co.*, 920 F.2d 278, 286 (5th Cir. 1991)).  Whether a document was "necessarily obtained for use in the case is a factual determination to be made by the district court." *Id*. (citing *Fogleman*, 920 F.2d at 285-86).

## II.
**Costs not Allowed by 28 U.S.C. § 1920 or By Other Rule or Statute should be Deducted from the Defendants' Bill of Costs.**

## A.
**Law Regarding both Obtaining Costs for Multiple Versions of the Same Depositions**

5.	The Defendants seek costs for the video and transcribed deposition transcripts for Abel Garza (the Plaintiff) and for duplicated transcripts for Robert Garza (a Defendant representative), Clarissa Velasco (the Defendants' HR Representative), and Raymond De La Garza (also a Defendant representative).  The Defendants seek costs for both videos and written transcripts in one instance, and in the others, seek duplicated written transcripts when they were their sole costs per the rules, and were also offered by the Plaintiff's transcription service to the Defendant at much lower cost.

6.	The costs of video depositions are at times recoverable, but the prevailing party must make an independent showing that each version of the deposition was reasonably obtained for use in the case. *See Baisden v. I'm Ready Prods., Inc.*,  793 F. Supp. 2d 970, 976-77 (S.D. Tex. 2011) (videotape deposition costs and deposition transcripts are both recoverable costs but the requesting party still bears the burden of showing that the different versions of the deposition were reasonably obtained for use in the case); *see also Petri v. Kestrel Oil & Gas Properties, L.P.*, 2013 WL 265973, at *4 (S.D. Tex. Jan. 17, 2013). Courts have often found costs for *both* written transcript and videotaped transcripts unwarranted where cases are not particularly complex, the witness would have been available for trial testimony, or the video was not used at trial.  *See, e.g., Eastman Chem. Co. v. PlastiPure, Inc.,* 2013 WL 5555373, at *6 (W.D. Tex. Oct. 4, 2013) (declining to tax costs of both paper transcripts and video recordings of the same depositions where the videos were not used at trial); *Structural Metals, Inc. v. S & C Elec. Co.*, 2013 WL 3790450, at *4 (W.D. Tex. July 19, 2013) (declining to allow recovery of both paper transcripts and videos).

**B.**
**Abel Garza Video and Written Transcript Should Not Both be Taxed**

7.      The Defendants seek $2,054.65 for a written transcript of the deposition of Abel Garza, Plaintiff [Doc. 46-1, Page 4 of 7; Doc. 47, Pages 6-7].  This is an appropriate taxable cost[1], and the deposition transcript was used by both the Plaintiff and the Defendant in the case.

8.      However, the Defendants also seek **$1,770.00** for the video transcript of the same deposition [Doc. 46-1, Page 7; Doc. 47, Page 9].  That video was not used in the summary judgment proceeding and would not have been used at trial as Mr. Garza, as Plaintiff, would have had to appear in person at trial.  As such, this amount for a video is nontaxable as costs and should be disallowed.  *See, e.g., Eastman Chem. Co.,* 2013 WL 5555373, at *6; *Structural Metals, Inc.*, 2013 WL 3790450, at *4.

**C.**
**Robert Garza Written Transcript Cost should be Disallowed in Whole.**

9.      Robert Garza is a representative of the Defendant (Ex. A, Pg. 1).

10.      Robert Garza's deposition was taken by the Plaintiff and NOT by the Defendants (Ex B).  The Deposition was properly noticed and taken non-stenographically by the Plaintiff pursuant to Rule 30(b)(3) (Ex B).

11.      FRCP 30(b)(3)(A) allows for the non-stenographic recording of depositions: "Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means."

12.      In this case, the Defendants opted to more than double the costs unnecessarily, and without proper notice, by providing their own court reporter.  The alternative recording is allowed under FRCP 30(b)(3)(B), however it must be "[w]ith prior notice" and the party

---

[1] Plaintiff will not quibble about what a "Litigation Bundle" of $130.00 might be as reflected on the Lexitas Invoice.

duplicating the recording "bears the expense of the additional record or transcript unless the court orders otherwise".

13.     The Advisory Committee Notes emphasize this point:

> [11]   Paragraph (3) provides that other parties may arrange, <mark>at their own expense</mark>, for the recording of a deposition by a means (stenographic, visual, or sound) in addition to the method designated by the person noticing the deposition….

> 1993 Notes of Advisory Committee; FRCP 30; Para. 11 [highlight added]

14.     As noted, the Defendants did not cross-notice the deposition to give notice of the alternative means of recording, but merely appeared at the deposition with a duplicate court reporter.  Given the specific wording of the Rules requiring the alternative means to be paid for by the party alternatively recording, there was no reason for the Plaintiff to object even with the lack of a cross notice.  However, the time for the Defendants to have raised the issue of seeking the Court to require the Plaintiff to assume the Defendants rule-required costs would have been before they were incurred – before the depositions – and the Defendants did not do so.  It was only before the depositions that the matter of duplication of costs could have been addressed – and resolved.

15.     Had the Defendants objected to this non-stenographic method, or otherwise intended for the Plaintiff to bear the burden of paying not only for his own costs of the deposition, but also the duplication of the deposition by the Defendants, then the appropriate method of dealing with it would have been to object to the deposition under Rule 26(c) as FRCP 30(b)(3)(B) allows the court to order other methods of recording and Rule 26(c)(1) allows an objection to protect the Defendants from the effect of having to pay the costs of the alternative recording if they believed necessary to protect themselves from "undue burden or expense".  This was contemplated by the Federal Rules Advisory Committee in 1993 at the time of the institution of the Rule allowing non-stenographic depositions:

[10]…Objections to the nonstenographic recording of a deposition, when warranted by the circumstances, can be presented to the court under Rule 26(c)."

1993 Notes of Advisory Committee; FRCP 30; Para. 10

16.    Further, the Defendants knew from the notices (Ex. B, D), and from communication between counsel, that the depositions taken by the plaintiff would be nonstenographic (Ex. A *passim*).

17.    The nonstenographic deposition and the transcription were prepared at the cost of the Plaintiff and were offered to the Defendants (Ex. C).

18.    As this deposition was taken by video and transcribed at the cost of the Plaintiff, there was no need for the Defendants to duplicate these with their own court-reporter transcript.

19.    The Defendants seek costs for the court-reported transcript, even though:

    a.    The Defendants were offered the transcript of Mr. Garza from the Plaintiff (Ex. C), and;

    b.    the Defendants did not use this deposition at all in their Response to the Plaintiff's Partial Motion for Summary Judgment on Defenses [Doc. 35, Appx 001-002 (table of contents)].

20.    As a result, under FED. R. CIV. P. 54(d), the amounts sought for the court-reported transcript are nontaxable as costs and should be disallowed. *See, e.g., Eastman Chem. Co.,* 2013 WL 5555373, at *6; *Structural Metals, Inc.*, 2013 WL 3790450, at *4.

21.    The Fifth Circuit has reversed an award of taxable cost in just such a circumstance where the party's own witness was deposed:

"The other depositions, however, were those of the school district's own witnesses …. As the school district had to have known in advance that these witnesses would have to be called for live testimony in open court at the district court hearing, their depositions were surplusage and cannot properly

6

be taxable to Michael's parents as "reasonably necessary" under these circumstances. Accordingly, the school district should not have been allowed to recover the $2,176.40 cost of these three depositions." *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257–58 (5th Cir. 1997)

22.     Accordingly, the duplicate court reporter cost of **$1,106.70** [Doc. 46-1, Pages 10-11; Doc. 47, Pages 12-13] should not be taxed to the Plaintiff as costs necessarily incurred by the Defendants in this case.

**D.**
**Clarissa Velasco Written Transcript Cost should be Disallowed in Whole.**

23.     Clarissa Velasco is likewise a representative of the Defendant (Ex. A, Pg. 1).

24.      In the same manner, Clarissa Velasco's deposition was taken by the Plaintiff and NOT by the Defendants (Ex D).  The Defendants agreed to have Velasco's deposition taken by the Plaintiff nonstenographically (Ex. A, Pgs. 3-4).  The Deposition was thereafter properly noticed and taken non-stenographically by the Plaintiff pursuant to Rule 30(b)(3) (Ex D).

25.     Even after agreeing to the application of the rule and the nonstenographic deposition, the Defendants opted to more than double the costs unnecessarily, and without proper notice, by providing their own court reporter.  There was no proper notice from the Defendants under FRCP 30(b)(3)(B) and therefore, there was no "prior notice".  Again, the party duplicating the recording "bears the expense of the additional record or transcript unless the court orders otherwise", *Id*.; *See also* 1993 Notes of Advisory Committee; FRCP 30; Para. 11.  The agreement to the nonstenographic deposition was an agreement that the Defendants would absorb this cost.

26.     As with Robert Garza, the Defendants did not cross-notice the deposition and did not give the Court an opportunity to discuss the alternative means and costs of duplication of efforts.  The parties did discuss it however, and the Defendants agreed to the application of FRCP 30(b)(3)(A).  There was no objection under Rule 26(c)(1) to protect the Defendants from the effect

7

of having to pay the costs of the alternative recording if they believed it necessary to protect themselves from "undue burden or expense". *See also*, 1993 Notes of Advisory Committee; FRCP 30; Para. 10

27.    The nonstenographic deposition and the transcription were prepared at the cost of the Plaintiff and were offered to the Defendants (Ex. C).

28.    As this deposition was taken by video and transcribed at the cost of the Plaintiff, there was no need for the Defendants to duplicate these with their own videographer and with their own court-reporter transcript.

29.    The Defendants seek costs for taking the duplicated court-reported transcript, even though:

   a.    The Defendants were offered the transcript of Ms. Velasco from the Plaintiff (Ex. C), and

   b.    the Defendants agreed to the nonstenographic deposition (Ex. A, Pgs. 3-4).

30.    As a result, under FED. R. CIV. P. 54(d), the amounts sought for the duplicate court-reported transcript are nontaxable as costs and should be disallowed. *See, e.g., Eastman Chem. Co.,* 2013 WL 5555373, at *6; *Structural Metals, Inc.*, 2013 WL 3790450, at *4.

31.    It is also of dispositive import that Clarissa Velasco was an active employee at the time of the deposition (Ex. A, Pg. 1).  She testified in her capacity as a human resources representative and due to her role in the business and the decision-making process, there was no doubt she would testify live at trial.  She was therefore subject to the control of the Defendants for summary judgment affidavit testimony which was also provided to the Court [Doc. 23, Appx. 1; Doc. 35, Appx 001-002] and to be called by them live at trial, so their obtaining the video-taped deposition of their own corporate witness (when it was already being video recorded by the

Plaintiff) was not necessary and also should not be taxed as cost against the Plaintiff. Accordingly, the duplicate transcript cost of **$2,090.50** [Doc. 46-1, Page 13; Doc. 47, Page 15] should not be taxed to the Plaintiff as costs necessarily incurred by the Defendants in this case. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257–58 (5th Cir. 1997).

**E.**
**Raymond De La Vega Written Transcript Cost should be Disallowed in Whole.**

32.     Raymond De La Vega was deposed in the same manner: as a representative of the Defendant (Ex. A, Pg. 1).  His deposition was taken by the Plaintiff and NOT by the Defendants (Ex D).   The Defendants <u>agreed</u> to have De La Vega's deposition taken by the Plaintiff nonsenographically per the rules (Ex. A, Pgs. 3-4).  The Deposition was thereafter properly noticed and taken non-stenographically by the Plaintiff pursuant to Rule 30(b)(3) (Ex D).

33.     Even after agreeing to the application of the rule and the nonstenographic deposition, the Defendants opted to provide their own court-reporter.  The Defendants likewise did not give "prior notice" of the court reporter by a cross notice  FRCP 30(b)(3)(B).

34.     In the same manner as above, the party duplicating the recording "bears the expense of the additional record or transcript unless the court orders otherwise", *Id*.; *See also* 1993 Notes of Advisory Committee; FRCP 30; Para. 11.  The agreement to the nonstenographic deposition was an agreement that the Defendants would absorb this cost.

35.     The nonstenographic deposition and the transcription were prepared at the cost of the Plaintiff and were offered to the Defendants (Ex. C).

36.     As this deposition was taken by video and transcribed at the cost of the Plaintiff, there was no need for the Defendants to duplicate these with their own videographer and with their own court-reporter transcript.

37.     The Defendants seek costs for taking the duplicated court-reported transcript, even

though:

    a.    The Defendants were offered the transcript of Mr. De La Vega from the Plaintiff (Ex. C), and

    b.    the Defendants agreed to the nonstenographic deposition (Ex. A, Pg. 3-4).

38. As a result, under FED. R. CIV. P. 54(d), the amounts sought for the duplicate court-reported transcript are nontaxable as costs and should be disallowed. *See, e.g., Eastman Chem. Co.,* 2013 WL 5555373, at \*6; *Structural Metals, Inc.*, 2013 WL 3790450, at \*4.

39. As with the other witness above, Mr. De La Vega was an active employee at the time of the deposition (Ex. A, Pg. 1) and testified in the capacity. There was no doubt he would testify live at trial and was therefore subject to the control of the Defendants for summary judgment affidavit testimony.

40. Accordingly, the duplicate transcript cost of **$655.00** [Doc. 46-1, Page 16; Doc. 47, Page 18] should not be taxed to the Plaintiff as costs necessarily incurred by the Defendants in this case. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257–58 (5th Cir. 1997).

**F.**
**Alternatively, the Above Sought Costs Should be Reduced to the Cost that the Plaintiff's Available Transcripts Would Have Cost.**

41. Fed.R.Civ.Pro. 30(f)(3) acknowledges allows, even in the context of a nonstenographic deposition, a party is allowed to get a copy of the transcript or recording from the officer before whom the deposition was taken, but also sets out that is when "paid reasonable charges".

42. Per Exhibit C, the deposition transcripts were made available to the Defendants by the officer before whom the depositions were taken at a reasonable cost. When supplied by this

officer, these transcripts would have been considerably less expensive and the Defendants were aware of this greatly reduced cost. Therefore, in the interest of fairness, if not disallowed in whole, the costs for these transcripts should be reduced to the more reasonable cost to the Defendants had they not chosen and elected more costly transcripts. Those costs set out in Exhibit C were:

Robert Garza:          $  300.00
Clarissa Velasco:      $1,100.00
Raymond De La Vega:    $  100.00

**III.**
**Conclusion**

For the reasons above the Plaintiff seeks that the following be disallowed as costs and removed from the Bill of Costs:

$1,770.00      Video of Deposition of Abel Garza

$1,106.70      Duplicate Court Reporter Transcription of Robert Garza

$2,090.50      Duplicate Court Reporter Transcript of Clarissa Velasco

$ 655.00       Duplicate Court Reporter Transcript of Raymond De La Vega.

Alternatively, the Plaintiff seek the costs for Abel Garza's video deposition be disallowed and the last three deposition costs be reduced to the following:

$   300.00     Court Reporter Transcription of Robert Garza

$ 1,100.00     Court Reporter Transcript of Clarissa Velasco

$   100.00     Court Reporter Transcript of Raymond De La Vega.

///

///

///

///

///

///

///

///

11

Respectfully submitted,

Charles H. Peckham
FBN:  15770
TBN: 15704900
cpeckham@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044

**COUNSEL FOR PLAINTIFF**

12

## CERTIFICATE OF CONFERENCE

I hereby certify that as to the objections, I notified opposing counsel of my objections on April 4, 2024 and sought conference. Given the speed with which this objection is being made, there was no time to confer. However, a conference will occur, and if there is any agreement, the Court will be immediately notified. It is believed therefore that the Defendants are opposed.

_____
Charles H. Peckham

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to the following on this the 4th day of April 2024 via electronic service:

> Kelley Edwards (Attorney in Charge)
> kedwards@littler.com
> LITTLER MENDELSON, P.C.
> 1301 McKinney Street, Suite 1900
> Houston, Texas 77010
>
> Matthew A. Swanger (Local Counsel)
> mswanger@littler.com
> LITTLER MENDELSON, P.C.
> 2001 Ross Avenue
> Suite 1500, Lock Box 116
> Dallas, TX 75201.2931
>
> **COUNSEL FOR DEFENDANTS ENERGY TRANSFER PARTNERS, L.L.C. and LA GRANGE ACQUISITION, L.P.**

_____
Charles H. Peckham